## UNITED STATES v. DUNBAR et al.

### (Circuit Court of Appeals, Ninth Circuit.   October 4, 1897.)

### No. 360.

1. COSTS—LIABILITY OF GOVERNMENT.
    Where, in a suit by the government, a demurrer to the complaint is sustained, and judgment entered dismissing the suit, costs are not to be allowed against the government.

2. BAIL—OBLIGATION OF SURETIES.
    In an action upon an undertaking of bail, the obligation of the sureties is in no way affected by the question whether the prosecution of the offense was barred by the lapse of time.

3. SAME—AUTHORITY OF UNITED STATES COMMISSIONERS.
    Any United States commissioner is empowered, by Rev. St. § 1014, to take bail for the appearance for trial before the proper court of one charged with any crime or offense against the United States.

4. SAME—STATE PRACTICE.
    Under Rev. St. § 1014, relating to arrest, imprisonment, and bail in case of crimes against the United States, the purpose of the words, "agreeably to the usual mode of process against offenders in such state," was to assimilate all the proceedings for holding accused persons to answer before a court of the United States to those for similar purposes under the laws of the state where the proceeding should take place.

5. SAME.
    The Oregon statute declaring that, "after an indictment found and upon an appeal," a defendant cannot be admitted to bail, except by the judge or court where the action is pending, or in which the judgment appealed from is given (Hill's Ann. Laws Or. § 1463), does not impair the power of any officer designated by the United States statutes (Rev. St. § 1014) to admit a defendant to bail after indictment and before trial.

6. SAME—REQUISITES OF BAIL BOND.
    An undertaking of bail, taken before a United States commissioner in Oregon, and setting forth in general terms the nature of the offense charged in the indictment, failed to recite that the defendant had been indicted or ordered admitted to bail, and omitted the number of the section of the Revised Statutes alleged to have been violated, and the date of alleged commission of the offense. *Held*, that these defects were not fatal.

7. SAME—DESCRIPTION OF OFFENSE.
    Under Hill's Ann. Laws Or. § 1470, relating to bail, a charge, in an undertaking taken under Rev. St. § 1014, by a United States commissioner in Oregon, that the defendant "conspired to defraud the United States," is a sufficient statement of his crime.

8. SAME—CONSPIRACY TO DEFRAUD.
    In a bail recognizance taken under Rev. St. § 1014, and charging "conspiracy to defraud the United States," it is not essential to state the person or persons with whom defendant conspired, nor the acts done.

9. SAME—UNLAWFUL LANDING OF CHINESE.
    Under Hill's Ann. Laws Or. § 1470, relating to bail, a charge in an undertaking taken under Rev. St. § 1014, by a United States commissioner in Oregon, that defendant "unlawfully aided and abetted the landing of Chinese laborers in the United States," is a sufficient statement of his offense.   Act July 5, 1884 (23 Stat. 115; 1 Supp. Rev. St. [2d Ed.] 460.)

10. SAME—PRODUCTION OF ACCUSED BY SURETIES.
    Where sureties on an undertaking of bail are thereby required to produce the defendant "whenever requested to do so," no request or notice is required to bind them, except that duly given in open court at the time regularly set for his trial.

In Error to the Circuit Court of the United States for the District of Oregon.

Dan'l R. Murphy, U. S. Atty., and Chas. J. Schnabel, Asst. U. S. Atty.

Richard V. Nixon and Chester V. Dolph, for defendants in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge.     This was a suit upon two certain undertakings of bail.    The court below having sustained a demurrer interposed by the defendants to the amended complaint, and the plaintiff declining to further amend, a judgment was entered dismissing the suit, with costs in favor of the defendants against the plaintiff.     In so far as the judgment for costs is concerned, it was, no doubt, given through inadvertence, since in such a suit judgment for costs against the government is not allowed.

The recognizances were taken and acknowledged before a commissioner of the circuit court of the United States for the district of Oregon, and were filed with the clerk of that court, and accepted by the court, on the 17th day of July, 1893.     'The complaint, as amended, shows that theretofore, in the month of July, 1893, one William Dunbar was by the grand jury of the United States for the district of Oregon indicted for a violation of section 5440 of the Revised Statutes of the United States, and that on the same day there was issued out of that court, upon the indictment, a bench warrant for the apprehension of Dunbar, upon which he was on the 17th day of July, 1893, arrested by, and taken into the custody of, the marshal of the district; that, in order to secure the release of the prisoner, the defendants James S. Dunbar and Seid Back made, executed, and acknowledged before R. H. Lamson, commissioner of the circuit court of the United States for the district of Oregon, the following undertaking for the appearance of William Dunbar, to wit:

"United States of America, District of Oregon, City of ——, ss.:

"Be it remembered that on this 17th day of July, A. D. 1893, before me, a commissioner duly appointed by the circuit court of the United States for the said district of Oregon, personally came William Dunbar, James S. Dunbar, and Seid Back, and jointly and severally acknowledged themselves to owe the United States of America the sum of one thousand dollars, to be levied on their goods and chattels, lands and tenements, if default be made in the condition following, to wit: The condition of this recognizance is such that if the said William Dunbar shall personally appear before the district court of the United States in and for the district aforesaid, at Portland, Oregon, whenever requested to do so, and then and there to answer the charge of having, on or about the —— day of ——, 189-, within said district, in violation of section —— of the Revised Statutes of the United States, unlawfully conspiring to defraud the United States, and then and there abide the judgment of said court, and not depart without leave thereof, then this recognizance to be void; otherwise to remain in full force and virtue.          W. Dunbar.      [Seal.]
                                                        "James S. Dunbar.   [Seal.]
                                                        "Seid Back.        [Seal.]"

The complaint, as amended, alleges that upon the acceptance by the court of the above recognizance, on July 17, 1893, William Dunbar was discharged from the custody of the marshal; that thereafter, to wit, on the 7th day of May, 1895, the trial of the said William Dunbar was set for May 21, 1895, at which last-mentioned date, in the district

court of the United States for the district of Oregon, he was duly called to appear for trial; that he failed and neglected to appear at that or at any other time; and that the defendant sureties, after having been thrice called so to do, failed to produce the said William Dunbar in the said court for trial, or to furnish any excuse for his absence and failure to appear therein, whereupon the said district court declared the said recognizance forfeited. For a further and separate cause of action, the complaint, as amended, alleges that on or about the ———— day of July, 1893, the said William Dunbar was by the grand jury of the United States for the district of Oregon indicted for a violation of section 11 of the act of congress approved July 5, 1884, and that on the same day, and upon that indictment, there was issued out of that court a bench warrant for the apprehension of the said William Dunbar; that thereafter, and on the 17th day of July, 1893, pursuant to the said warrant, the said William Dunbar was arrested by, and taken into the custody of, the marshal of the United States for the district; that in order to secure the release of the said William Dunbar from the custody of the marshal the defendants James S. Dunbar and Seid Back made, executed, and acknowledged a certain other undertaking for the appearance of the said William Dunbar, in words and figures as follows, to wit:

"United States of America, District of Oregon, City of ————, ss.:

"Be it remembered that on this 17th day of July, A. D. 1893, before me, a commissioner duly appointed by the circuit court of the United States for the said district of Oregon, personally came William Dunbar, James S. Dunbar, and Seid Back, and jointly and severally acknowledged themselves to owe the United States of America the sum of five thousand dollars, to be levied on their goods and chattels, lands and tenements, if default be made in the condition following, to wit: The condition of this recognizance is such that if the said William Dunbar shall personally appear before the district court of the United States in and for the district aforesaid, at Portland, Oregon, whenever required to do so, and then and there to answer the charge of having, or on about the ———— day of ————, 189—, within said district, in violation of section ———— of the Revised Statutes of the United States, unlawfully aiding and abetting the landing of Chinese laborers in the United States, and then and there abide the judgment of said court, and not depart without leave thereof, then this recognizance to be void; otherwise to remain in full force and virtue.

"W. Dunbar.          [Seal.]
"James S. Dunbar.     [Seal.]
"Seid Back.           [Seal.]

"Taken and acknowledged before me on the day and year first above written.

"R. H. Lamson, [Seal.]

"Commissioner of the Court of the United States for the ———— District of Oregon."

The complaint, as amended, alleges that the undertaking last set out was taken and acknowledged before a commissioner of the circuit court for the district of Oregon, and accepted by the court, on the 17th day of July, 1893, whereupon the said William Dunbar was discharged from the custody of the marshal; that thereafter, to wit, on the 7th day of May, 1895, the trial of the said William Dunbar was set for May 21, 1895, at which time, in the said court, he was duly called to appear for trial, but that he failed and neglected to appear at that or any other time; and that the defendant sureties, after having been thrice called to do so, failed to produce the said William Dunbar

in the said court for trial, or to furnish any excuse for his absence and failure to appear therein, in consequence of which the said district court declared the said last-mentioned recognizance forfeited. The prayer is for judgment against the defendants for the respective amounts of the two recognizances sued on, together with costs of suit.

It is contended by the appellees in support of the judgment given below (1) that the recognizances sued upon were not taken and acknowledged before any officer authorized to take or acknowledge bail in criminal cases; (2) that it does not appear from the complaint, as amended, that the defendants were ever notified to produce their principal in accordance with the terms of their undertaking; (3) that the proceedings concerning the recognizances sued on were not in accordance with the laws of the state where the recognizances were executed and the court was held; and (4) that, if the recognizances sued on show that any criminal offenses were charged against the principal, the statute of limitations had run against them.

Whether the offenses with which William Dunbar was charged were barred by lapse of time could only be determined in the prosecutions against him. The undertaking of the sureties was to answer for his appearance. That obligation did not at all depend upon or involve the question whether the prosecution of the respective offenses was barred by lapse of time. The power to take bail for the appearance for trial before the proper court of one charged with crime against the United States is expressly conferred upon—among other officers—any commissioner of a circuit court of the United States. Section 1014 of the Revised Statutes is as follows:

"For any crime or offense against the United States, the offender may, by any justice or judge of the United States, or by any commissioner of a circuit court to take bail, or by any chancellor, judge of a supreme or superior court, chief or first judge of common pleas, mayor of a city, justice of the peace, or other magistrate, of any state where he may be found, and agreeably to the usual mode of process against offenders in such state, and at the expense of the United States, be arrested and imprisoned, or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offense. Copies of the process shall be returned as speedily as may be into the clerk's office of such court, together with the recognizances of the witnesses for their appearance to testify in the case. And where any offender or witness is committed in any district other than that where the offense is to be tried, it shall be the duty of the judge of the district where such offender or witness is imprisoned, seasonably to issue, and of the marshal to execute, a warrant for his removal to the district where the trial is to be had."

The purpose and effect of the use by congress of the words in the foregoing provision, "agreeably to the usual mode of process against offenders in such state," was to assimilate all the proceedings for holding accused persons to answer before a court of the United States to the proceedings had for similar purposes by the laws of the state where the proceeding should take place. A United States commissioner, acting under this statute, is simply a committing magistrate. U. S. v. Rundlett, 2 Curt. 41, Fed. Cas. No. 16,208; U. S. v. Horton, 2 Dill. 94, Fed. Cas. No. 15,393; U. S. v. Case, 8 Blatchf. 250, Fed. Cas. No. 14,742; U. S. v. Martin, 17 Fed. 150; U. S. v. Sauer, 73 Fed. 671. The real question, therefore, is whether the recognizances sued on are valid when tested by the requirements of the Ore-

gon statute in regard to bail. The suggestion on behalf of the appellees, that after indictment a defendant, under the Oregon statute, can only be admitted to bail by the court or judge, is not supported by the language of the statute, which is as follows:

"After an indictment found and upon an appeal a defendant cannot be admitted to bail except by the court or judge thereof where the action is pending or in which the judgment appealed from is given." Hill's Ann. Laws Or. § 1463.

This statutory provision denying to any officer or court the right to admit to bail a defendant against whom judgment has been given, and from which an appeal is pending, other than the court by which such judgment was rendered, or the judge thereof, furnishes no warrant for saying that after indictment, and before trial, the defendant may not be admitted to bail by any officer designated in section 1014 of the Revised Statutes.

Sections 1304 and 1309 of the Oregon Statutes are as follows:

"Sec. 1304. When an indictment is filed in court, if the defendant has not been arrested and held to answer the charge, unless he voluntarily appear for arraignment, the court must order the clerk to issue a bench-warrant for his arrest."

"Sec. 1309. When the crime is bailable, and the defendant require it, the officer making the arrest must take him before a magistrate of the county wherein the arrest is made or the action is pending, for the purpose of putting in bail, and thereupon such magistrate must proceed in respect thereto, according to the provisions of chapter XXIII. (XXIV.) of this Code, entitled 'Bail.'"

By section 1470 of the same statute it is provided:

"Sec. 1470. Bail is put in by a written undertaking executed by two sufficient sureties, and acknowledged before the court or magistrate taking the same. It may be substantially in the following form:

"(1) Before indictment:

"An order having been made on the —— day of ——, 18—, by A. B. (adding his official title and place of jurisdiction) that C. D. be held to answer upon a charge of (stating briefly the nature of the crime) upon which he has been duly admitted to bail in the sum of —— dollars;

"We, E. F., of (stating his place of residence and occupation) and G. H., of (stating his place of residence and occupation) hereby undertake that the above-named C. D. shall appear and answer the charge above mentioned in whatever court it may be prosecuted, and shall at all times render himself amenable to the orders and process of the court: and if convicted, shall appear for judgment and render himself in execution thereof; or if he fail to perform either of those conditions, that we will pay to the state of Oregon the sum of —— dollars (inserting the sum in which the defendant is admitted to bail).

"(2) After indictment and before judgment:

"An indictment having been found on the —— day of ——, 18—, in the circuit court for the county of ——, charging A. B. with the crime of (designating it generally), and he having been duly admitted to bail in the sum of —— dollars (the remainder of the undertaking may be in the words of the form No. 1, substituting the word 'indictment' for the word 'charge') * * *."

As will be seen, the provision of the Oregon statute is not that the bond shall be in the precise form therein prescribed, but that it may be in substantially that form. The failure of the recognizances sued on to recite the fact that the defendant, William Dunbar, had been indicted, and that he had been ordered admitted to bail, as well as the omission therefrom of the number of the section of the Revised Statutes of the United States alleged to have been violated,

may, we think, be treated as immaterial. Nor do we regard as fatal the failure to insert in the bonds the precise date upon which the defendant, William Dunbar, was by the indictments alleged to have committed the respective offenses. True, these omissions evince gross carelessness on the part of the commissioner, but they are not, in our opinion, fatal.

It is further insisted upon the part of the appellees that neither of the recognizances sued on contains such a description of the offense with which the principal was charged as the statute requires. That requirement is that the bond shall designate the offense "generally." The supreme court of Oregon, in the case of Belt v. Spaulding, 17 Or. 130–134, 20 Pac. 827, held that section 1470 of the Oregon Statutes "introduced no new rule, but left the law just as it was before its enactment. In other words," said the court, "it is declaratory of the common law on that subject," which the court declared to be that the undertaking "must on its face indicate briefly the nature of the offense charged, and unless it does so it is not binding"; that this may be done by name, when the offense charged has a technical name, and, if not, then enough must be stated in the undertaking to point out clearly that a particular crime known to the law is charged. That that is the general rule is shown by the authorities cited by the court in Belt v. Spaulding. Turning to the recognizances in suit, it is seen that in one the offense charged against the principal is "unlawfully conspiring to defraud the United States," and in the other "unlawfully aiding and abetting the landing of Chinese laborers in the United States." Counsel for appellees are mistaken in saying that there is no such crime as conspiring to defraud the United States. By section 5440 of the Revised Statutes it is declared that:

"If two or more persons conspire, either to commit any offense against the United States or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty of not less than one thousand dollars and not more than ten thousand dollars, and to imprisonment not more than two years."

A conspiracy, ex vi termini, imports the participation of at least two persons. In the indictment, the person or persons with whom the defendant conspires, as well as the acts done, must, of course, be stated. But no such particularity is essential in a recognizance, which need only state the general nature of the charge. In respect to the other charge, the law prohibited the landing of any Chinese laborer in the United States, and also made it a misdemeanor, subject to certain prescribed punishment, for any person to aid or abet the landing therein of any such laborer. Act July 5, 1884. That was the general nature of the second charge, as shown by the recognizance, and was, in our opinion, a sufficient designation of it.

The failure of the sureties to produce their principal for trial when called upon to do so at the time regularly set for trial was sufficient notice to them. No other notice was required.

While each of the recognizances shows upon its face a decided lack of care upon the part of the commissioner, we are of opinion that each is good in substance. Accordingly the judgment of the court

below must be reversed, and the cause remanded, with directions to overrule the demurrer to the amended complaint, with leave to defendants to answer if they shall be so advised. It is so ordered.