DE OROZCO et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 12, 1916.)

No. 2892.

1. BAIL ⊚⊐79(1)—FEDERAL COURTS—PRACTICE.
    Code Cr. Proc. Tex. 1911, § 500, enumerating the causes which will exonerate a defendant and sureties on his bail bond from liability upon a forfeiture taken, specifies death before forfeiture, but not death after forfeiture and before final judgment. Rev. St. § 1014 (U. S. Comp. St. 1913, § 1674), declares that for any crime or offense against the United States the offender may, agreeably to the mode of process against offenders in such state, be arrested and imprisoned or bailed, for trial before such court of the United States as by law has cognizance of the offense. Accused was arrested in Texas for an offense against the United States and liberated on bail. *Held* that, as the Texas law governed, his death after forfeiture of bond, but before final judgment, was no defense.

    [Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 350–362, 365–368; Dec. Dig. ⊚⊐79(1).]

2. BAIL ⊗═79(1)—BAIL BONDS—DEFENSES.

Death of a principal after forfeiture, but before final judgment on a bail bond, will not, as a general rule, relieve against the forfeiture.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 350–362, 365–368; Dec. Dig. ⊗═79(1).]

3. BAIL ⊗═59—BAIL BONDS—CONDITION.

Code Cr. Proc. Tex. art. 293, relating to the examining trial of one accused of crime, provides that he shall be held unless he give bail to be present from day to day before the magistrate until the examination is concluded. One charged with violation of federal laws, and arrested in Texas on a warrant issued upon a sworn complaint by the United States commissioner, was liberated by the commissioner upon the execution of a bail bond conditioned that accused should appear before the commissioner at his office, and remain from day to day and from time to time to answer the charge. *Held*, that the condition was a substantial compliance with the Texas law, which governs, and so forfeiture of the bail bond cannot be defeated.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 225–227; Dec. Dig. ⊗═59.]

4. BAIL ⊗═74(2)—EXONERATION—CONTINUANCE.

Where one accused of violating United States laws was arrested in Texas and liberated on bail bond furnished United States commissioner issuing the warrant, the fact that the commissioner postponed the hearing without the support of an affidavit as to the existence and contents of absent testimony as required by Code Cr. Proc. Tex. art. 205, will not excuse accused's failure to appear at the postponed hearing or release his bond, for section 293 authorizes the committing magistrate to postpone for a reasonable time the examination.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 313, 314; Dec. Dig. ⊗═74(2).]

5. BAIL ⊗═74(2)—EXONERATION—CONTINUANCE.

The failure of the United States commissioner, ordering the arrest of the principal in a bail bond, to enter a continuance of the hearing on his docket, will not exonerate the bail and authorize the principal to refuse to appear at the time set for the subsequent hearing.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 313, 314; Dec. Dig. ⊗═74(2).]

6. NEUTRALITY LAWS ⊗═3—OFFENSES AGAINST—WHAT CONSTITUTES.

Where accused conspired to set on foot, and provided and prepared the means for, a military expedition to be carried on from the territory of the United States against the dominions of the United States of Mexico, with whom the United States of America was at peace and committed overt acts, he was guilty of a violation of Penal Code (Act March 4, 1909, c. 321) § 13, 35 Stat. 1090 (Comp. St. 1913, § 10177), denouncing the offense of providing or preparing the means for any military expedition to be carried on from the United States against the territories or dominions of any foreign prince or state, or any colony, district, or people with whom the United States is at peace, and the fact that the government at that time in control of the principal portion of Mexico had not been recognized is no defense.

[Ed. Note.—For other cases, see Neutrality Laws, Cent. Dig. §§ 3–8; Dec. Dig. ⊗═3.]

7. CRIMINAL LAW ⊗═113—JURISDICTION—FEDERAL DISTRICT COURTS—CONSPIRACY TO VIOLATE NEUTRALITY LAW.

In such case, where the conspiracy was entered into in a city within the federal district where proceedings were instituted, the court of such

⊗═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
237 F.—64

district had jurisdiction of the offense, though the supplies for the expedition were shipped and stored in a place outside the district.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 190, 232; Dec. Dig. ☜113.]

8. SUNDAY ☜30(5)—BAIL BONDS—EXECUTION—VALIDITY.

A bail bond executed on Sunday, given to secure the release of one arrested in Texas on a charge of violating the federal law, is valid under the Texas laws, which govern, pursuant to Rev. St. § 1014 (U. S. Comp. St. 1913, § 1674).

[Ed. Note.—For other cases, see Sunday, Cent. Dig. § 80; Dec. Dig. ☜30(5).]

9. BAIL ☜93—BAIL BONDS—JUDGMENT—PERSONS LIABLE.

No judgment can be rendered against the wife of the principal in a bail bond, who did not execute the bond as principal or surety, and did not upon the death of the principal become his legal representative.

[Ed. Note.—For other cases, see Bail, Cent. Dig. §§ 409, 410, 413–417; Dec. Dig. ☜93.]

In Error to the District Court of the United States for the Western District of Texas; Thomas S. Maxey, Judge.

Proceeding by the United States of America against Pascual Orozco and others for forfeiture of a bail bond, in which Refugia F. De Orozco was allowed to become a party defendant on the death of the principal defendant. There was judgment for plaintiff, and defendants bring error. Affirmed as to all defendants save Refugia F. De Orozco, and as to her reversed and remanded, with directions to dismiss.

See, also, 201 Fed. 106.

This was an action in the court below, instituted by the defendant in error originally against Pascual Orozco and the sureties on a bail bond executed by him. Orozco, the principal on the bail bond, died pending the suit, and upon suggestion of his death the court entered an order authorizing the plaintiff in error, Refugia C. De Orozco, to appear in the cause and make herself a party defendant, which she did. She was the widow of Pascual Orozco. The principal in the bond, Pascual Orozco, was arrested on the 27th day of June, 1915, on a warrant issued upon a sworn complaint by George B. Oliver, who was the United States Commissioner at El Paso, on a charge of having conspired to violate the neutrality laws of the United States. Upon the same day, which was Sunday, he was brought before the commissioner and his bond was fixed at $7,500. On the same day he executed a bail bond in that sum, with the plaintiffs in error, other than Refugia F. De Orozco, as sureties, and secured his release thereby. The bond was conditioned to be void if the principal, who it recited was charged with a felony by complaint in writing and under oath before the United States commissioner for the Western district of Texas, at El Paso, Tex., should personally appear before said commissioner at his office in El Paso at 10 o'clock in the morning of the 1st day of July, 1915, and there remain from day to day and from time to time to answer said charge. The cause was continued verbally, and without affidavit being filed, and against the objection of the defendant, by the commissioner until July 12, 1915. On that day the principal, Orozco, failed to appear before the commissioner, as required, and his bondsmen failed to produce him, upon being called upon to do so. Thereupon a forfeiture was taken on the bond against the principal, Orozco, and his sureties. On July 12, 1915, suit was begun on the bond by the defendant in error against said Orozco and his sureties. Thereafter Orozco died, and his widow was made a party defendant to the suit. A jury was waived by written stipulation, and the cause was heard by the District Judge, who entered a judgment, on October 23, 1915,

against all the then defendants for the amount of the penalty of the bond. All the defendants sued out a writ of error to this court. The plaintiff, upon the trial, introduced the complaint, the warrant, the return of the marshal thereon, and the bond sued upon. The plaintiff also introduced in evidence a certified copy of the transcript from the proceedings of the commissioner upon the complaint, which recited the arrest of Huerta and Orozco, their arraignment before the commissioner, and plea of not guilty of the offense charged in it against them; the setting of the case for July 1, 1915, the fixing of the amount of Orozco's bond at $7,500; that on July 12th the case was called pursuant to continuance at 10 o'clock in the morning; that, Orozco failing to appear, he and his sureties were called, and still failing to appear the bond was declared forfeited in the sum of $7,500. The oral evidence of George B. Oliver, the commissioner, was introduced to the effect that June 27, 1915, the day the bond was executed and approved, was Sunday; that the amount of the bond was fixed verbally, at the request of Orozco's attorney, and not during a session of court, at the office of the commissioner on Sunday; that the entries on the docket of the commissioner were written up on Monday morning; that the case was continued on July 1, 1915, on motion of the United States attorney and against the objection of Orozco's attorneys, till July 12th by him. It was stipulated into the record that Pascual Orozco, the principal on the bond, died September 1, 1915, in Culberson county, Tex., and before a grand jury was impaneled for that division, after his arrest.

M. W. Stanton, of El Paso, Tex., for plaintiff in error Refugia F. De Orozco.

John L. Dyer and Lea, McGrady & Thomason, all of El Paso, Tex., for other plaintiffs in error.

R. E. Crawford, Asst. U. S. Atty., of El Paso, Tex.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge (after stating the facts as above). The plaintiff in error assail the validity of the judgment against them upon a number of grounds, which we will consider seriatim.

[1, 2] 1. It is contended that the right to recover on the bond abated by the death of the principal before final judgment on the bond, and before he could have been indicted or tried for the felony charged in the complaint.

Section 1014, Revised Statutes, provides that, for any crime or offense against the United States, the offender may by certain named state or United States officers, and "agreeably to the usual mode of process against offenders in such state, be arrested and imprisoned or bailed, as the case may be, for trial before such court of the United States as by law has cognizance of the offence." Section 500 of the Texas Code of Criminal Procedure enumerates the causes which will exonerate a defendant and his sureties from liability upon a forfeiture taken. Death before—but not after—the forfeiture is taken is specified as one of them. The Texas procedure governs the federal courts in such matters pursuant to section 1014, Revised Statutes. United States v. Sauer (D. C.) 73 Fed. 671; United States v. Dunbar, 83 Fed. 151, 27 C. C. A. 488. In the case of United States v. Van Fossen, 28 Fed. Cas. 357, No. 16,607, the Circuit Court for the District of Kansas held, through Justice Miller and Circuit Judge Dillon, as a matter of general procedure, that it was a settled rule that death of the

principal after forfeiture, but before final judgment on the bond, did not relieve against the forfeiture.

[3] 2. It is contended that the bond is void because not conditioned according to law. Its condition was that the principal "shall appear before the said United States commissioner at his office in El Paso on July 1, 1915, and there remain from day to day and from time to time to answer said charge." Article 293, Texas Code of Criminal Procedure provides that the defendant "shall in the meanwhile be detained in the custody of the sheriff or other duly authorized officer, unless he give bail to be present from day to day before the magistrate until the examination is concluded." The difference is one rather of words than legal effect. We think the condition was substantially as required by law. Certainly it is not the basis of such a plain error as this court would notice, when not made the ground of objection in the court below.

[4, 5] 3. It is contended the continuance of the case from July 1st until July 12th, was unauthorized, because (1) made verbally by the commissioner, and not entered on his docket, and (2) made against the objection of the defendant and without the support of an affidavit as to the existence and contents of absent evidence, as required by article 205 of the Texas Code of Criminal Procedure. Article 293 of the same Code authorized the committing magistrate to postpone for a reasonable time the examination. Continuances are discretionary, and the failure to require the affidavit as to the nature of the absent testimony could not authorize the defendant to decline to appear at the postponed hearing or release his bond, if he did so. The failure to enter the continuance on the docket could have no such effect. If the defendant was notified of the time and place at which he was expected to appear, it was his duty to do so, despite such irregularities. His failure to appear would work a forfeiture of his bond.

[6] 4. It is contended that the sworn complaint, on which the warrant issued, failed to charge the defendant with an offense under the laws of the United States. The complaint charges Orozco and others with having conspired "to begin, and set on foot and provide and prepare the means for a military expedition to be carried on from the territory and jurisdiction of the United States against the territory and dominions of the United States of Mexico, with whom the United States of America are at peace," and charges the purchase and shipment to and storage at a warehouse at Fifth and Santa Fé streets of military supplies as the overt act. The contention is that the preparation of such a military expedition was not a violation of section 13 of the Penal Code, because the government of Carranza had not been recognized at that time as the legitimate government of Mexico. We think the decision of the Supreme Court in the case of The Three Friends, 166 U. S. 1, 17 Sup. Ct. 495, 41 L. Ed. 897, shows that neither prior recognition of legitimacy or of belligerency of the government or faction against which the expedition is directed, by this government, is necessary to make applicable the provisions of section 13 to such an expedition.

[7] It is also contended that the overt act is not shown by the complaint to have been done within the jurisdiction of the District Court for the Western District of Texas. The complaint fails to allege the name of the city where the supplies were shipped and stored. The jurisdiction of the court may be determined by the place of the formation of the conspiracy, as well as that of the commission of the overt act. The complaint alleges the formation of the conspiracy to have been at El Paso, in the Western district of Texas. This was sufficient. Dealy v. United States, 152 U. S. 539, 14 Sup. Ct. 680, 38 L. Ed. 545; Hyde v. Shine, 199 U. S. 62, 25 Sup. Ct. 760, 50 L. Ed. 90. We do not think that the complaint showed on its face that no offense of which the District Court of the United States for the Western District of Texas had jurisdiction had been committed, as claimed.

[8] 5. The fact that the amount of the bond was fixed and the bond executed and approved on Sunday does not make it invalid. In 37 Cyc. 581, the text reads:

"It is well settled that a bail bond or recognizance entered into on Sunday, for the purpose of releasing a person held in custody, is valid, the entering into such bond being considered as an act of necessity and charity and not judicial business."

This is the holding in Texas, whose decisions this court would follow, pursuant to the direction of section 1014, Revised Statutes. Ex parte Millsap, 39 Tex. Cr. R. 93, 45 S. W. 20; Lindsay v. State, 39 Tex. Cr. R. 468, 46 S. W. 1045.

The foregoing are the objections offered to the judgment on the bond by all the plaintiffs in error, none of which we think should avail to reverse the judgment.

[9] The judgment against the plaintiff in error, Refugia F. De Orozco, is in a different attitude. She did not execute the bond, either as principal or surety. Nor was she the legal representative of her deceased husband, who was the principal on the bond. She was therefore under no liability to the plaintiff for the breach of the bond, and no judgment could have rendered against her individually, based upon its breach.

The judgment against Refugia F. De Orozco will be reversed, and the cause as to her remanded, with directions that the suit as to her be dismissed. The judgment as to the other plaintiffs in error is affirmed.