UNITED STATES v. BUCHANAN.

(District Court, W. D. Texas, San Antonio Division. February 20, 1919.)

No. 2342.

1. BAIL ⟂55—BAIL BONDS—UNITED STATES COMMISSIONERS—PROCESS.

The form of a bail bond taken by the United States commissioner should conform in all substantial particulars to the requirements of the laws of the state in which the commissioner is sitting, Rev. St. § 1014 (Comp. St. § 1674), providing that the United States commissioner may take bail in any state agreeable to the usual mode of process against offenders in such state.

2. BAIL ⟂66—BONDS—SUFFICIENCY.

Where a bail bond set out that defendant committed a felony by attempting to export munitions of war into Mexico in violation of the Presidential Proclamation of March 12, 1914, *held* that the bond was sufficient under Code Cr. Proc. Tex. art. 321, having set out that the offense was a felony, which was all that was required by the statute, notwithstanding the original proclamation of President Taft, under the Congressional Resolution of March 14, 1912, making a violation a felony, had been revoked before March 12, 1914; a similar proclamation having been issued by President Wilson before and in effect at the time the offense was alleged to have occurred.

3. JUDGMENT ⟂342(1)—VACATION—AUTHORITY OF COURT.

A judgment on a bail bond cannot be set aside by the court after the expiration of the term at which it was rendered, where the bond was valid and the judgment was not a nullity.

Manuel Buchanan was charged with unlawfully attempting to export munitions of war into Mexico. On motion to set aside judgment of forfeiture of bail bond entered at former term, on the ground that the bond was void and the final judgment entered a nullity. Motion denied.

Heilbron & Matthews, of San Antonio, Tex., for petitioner.

Hugh R. Robertson, U. S. Dist. Atty., and Claud J. Carter, Asst. U. S. Dist. Atty., both of San Antonio, Tex.

WEST, District Judge. The defendant as principal, together with his sureties, move to set aside the final judgment of forfeiture entered at former term upon his bail bond upon the ground that said bond is void, and that final judgment is itself a nullity, wherefore the court may take jurisdictional cognizance of the motion even though the final judgment was entered at a former term. The invalidity of the bond is based upon a claim that it does not appear from the bond that the defendant is charged with any offense against the laws of the United States.

[1, 2] The material portions of the bond charging the offense is as follows:

"In violation of the President's proclamation of March 12, 1914, of the Revised Statutes of the United States, unlawfully committed a felony."

As a matter of fact there was no proclamation made by the President "of March 12, 1914." There was a proclamation made by President

Taft on March 14, 1912, pursuant to the provisions of the joint resolution of Congress approved March 14, 1912, the joint resolution authorizing the President to declare, by proclamation, it to be unlawful to export arms or munitions of war into any American country where conditions of domestic violence existed under such limitations and exceptions as he, the President, might prescribe. Section 2 of this joint resolution prescribes a penalty of the grade of felony for any violation of such resolution and proclamation; 37 St. at L. pt. 1, p. 630. President Taft's proclamation was revoked by President Wilson on February 3, 1914; 38 St. at L. pt. 2, p. 1992. President Wilson, on October 19, 1915, made his proclamation, carrying into effect and rendering operative the joint resolution before referred to. 39 St. at L. pt. 2, p. 1756.

The form of a bail bond taken by a United States commissioner should conform in all substantial particulars to the requirements of the laws of the state in which the commissioner is sitting, so far as such laws are applicable; U. S. v. Sauer (D. C.) 73 Fed. 671. This accords with article 1014, R. S. (Comp. St. § 1674), which provides that a United States commissioner may take bail in any state "agreeably to the usual mode of process against offenders in such state." The Code of Criminal Procedure of Texas 1911, art. 321, is to the effect that:

"A bail bond shall be sufficient if it contains the following requisites
* * *
"(3) If the defendant is charged with an offense that is a felony, that it state that he is charged with a felony."

See Anduaga v. United States, 254 Fed. 61, —— C. C. A. ——.

The Court of Criminal Appeals of Texas, construing article 321, C. C. P., supra, through Judge Prendergast, in Anderson v. State (Tex. Cr. App.) 201 S. W. 994, referring to the sufficiency of the bond under the requirements of this section of the Criminal Code, says:

"The bond will be sufficient if it states merely that the offense charged is a felony, without telling what the offense is. Under this statute either this must be done, or the specific offense must be stated."

Applying the rules of construction as laid down by the authorities mentioned, and testing the sufficiency of the bond in this case by those rules, it appears that the matter of the offense is touched upon in the bond in two particulars: (1) Where the charge is said to be "in violation of the President's proclamation of March 12, 1914"; and (2) "of the Revised Statutes of the United States unlawfully committed a felony."

Presumably the reference to the offense being in violation of the President's proclamation was intended as a mere reference to the proclamation so that it might be consulted, certainly such a reference could not comply with that requirement of the law mentioned by Judge Prendergast, which says that the offense must be named. To name the offense charged would require a résumé from the proclamation and resolution of all the essential elements of the offense therein stated, which is not done. Since it appears that the President issued and made no proclamation of any character whatever on March 12, 1914,

that verbiage in the bond may be disregarded as meaningless surplusage. The inquiry then follows as to whether or not there still remains in the body of the bond the second alternative requirement specified in the Criminal Code of Texas, and as stated by Judge Prendergast, to wit, that the offense charged is a felony or misdemeanor as the case may be. The bond provides, eliminating the language referred to, as follows, the charge being:

"On or about the 11th day of October, A. D. 1917, within said district, in violation of the Revised Statutes of the United States, unlawfully committed a felony."

[3] It then appears that the identical requirement of the Code is complied with, in that the principal defendant is charged with having committed a felony. The offense is shown by the bond to have been committed on or about the 11th day of October, A. D. 1917. At that time the joint resolution of March 14, 1912, and the President's proclamation of October 19, 1915, making the resolution operative, were in effect. Section 2 of the joint resolution provides:

"That any shipment of material hereby declared unlawful after such a proclamation shall be punishable by fine not exceeding $10,000, or imprisonment not exceeding two years, or both."

The joint resolution of Congress, together with the proclamation of the President, constitutes a valid enactment of a law and statute of the United States. The grade of the offense is also fixed by the resolution as that of felony. The requirements of the Code of Criminal Procedure of the state of Texas seems to have been fully met, and the bond is a valid and subsisting obligation of the signers. Therefore the motion to set aside the judgment, being made at a term subsequent to that at which the final judgment was entered, comes too late; the court is without jurisdiction to entertain it, and the motion is therefore dismissed.

A formal order to this effect will be entered as of this date.