## MORAN v. UNITED STATES et al.

(Circuit Court of Appeals, Ninth Circuit. February 1, 1926.)

No. 4626.

1. **Bail** ⬦58—**Bail bond, reciting violation of federal statute, held sufficiently to describe offense to bind sureties.**

Bail bond, reciting that accused was charged with crime of violating Penal Code, § 217 (Comp. St. § 10387), sufficiently described offense to bind sureties under Rev. St. §§ 914, 1014 (Comp. St. §§ 1537, 1674), and Pen. Code Cal. § 1278.

2. **Bail** ⬦55—**Bond held sufficient promise by sureties to pay specific sum.**

Bail bond, reciting that principal and sureties "are held and firmly bound unto the United States of America in the sum of $10,000, to the payment of which * * * we jointly and severally bind ourselves * * * firmly by these presents," held sufficient promise by sureties to pay specific sum.

3. **Bail** ⬦59—**Bond need not state court in which accused is to appear.**

Bail bond need not state court in which accused is to appear, since law makes this certain.

4. **Bail** ⬦59—**Bond held sufficient as against contention that it did not name court.**

Bail bond, indorsed with name of federal District Court "before United States Commissioner," reciting that accused was admitted to bail pending examination before Commissioner, and that accused would appear and answer whenever required, held sufficient as against contention that it failed to name court at which accused was required to appear.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Paul J. McCormick, Judge.

Joseph Bruno was arrested on the charge of mailing narcotics, in violation of Penal Code, § 217, and was released on bail. Judgment was recovered by the United States against John G. Moran and others, sureties on the bail bond, and the named surety brings error. Affirmed.

Fred Thompson, of Los Angeles, Cal., for plaintiff in error.

Samuel W. McNabb, U. S. Atty., and J. Edwin Simpson, Asst. U. S. Atty., both of Los Angeles, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The United States obtained a judgment against the plaintiff in error, who was a surety on the bail bond executed July 6, 1923, for the release

from custody of one Joseph Bruno, held under a warrant of arrest issued by a United States Commissioner on a charge of mailing narcotics in the United States mail, in violation of section 217 of the federal Penal Code (Comp. St. § 10387). To the complaint, which alleged forfeiture of the bond, the plaintiff in error demurred, and, upon the demurrer being overruled, he answered upon the merits. The court found the facts and law against him, and entered judgment against him in the penal sum of the bond. [1] There are but two assignments of error: First, that the demurrer was overruled; and, second, that the bail bond was held good in law. It is contended that the bond is invalid for not stating sufficiently the nature of the offense charged against the accused. The bond recites that Bruno was held under a complaint charging him "with the crime of violation of section 217 of the federal Penal Code." The plaintiff in error points to section 1014, Rev. Stats. (Comp. St. § 1674), which provides that the offender may "agreeably to the usual mode of process against offenders in such state" be arrested, imprisoned, or bailed, and to section 914, Rev. Stats. (Comp. St. § 1537), which requires that the practice, pleadings, and forms and modes of proceedings in civil causes in the District Courts shall conform as near as may be to the state practice, etc., and to section 1278 of the Penal Code of California, which provides that in a bail bond "the nature of the offense must be briefly stated," and contends that the reference to section 217 of the federal Penal Code, in the bond here in question is inadequate, to comply with the law, and argues that the sureties were entitled to be advised and to know the nature and gravity of the act with which the accused was charged, and to know what punishment might be inflicted in case of his conviction. We are not impressed with the force of the argument. The sureties knew that the accused was arrested on a charge of crime against the United States. To obtain his release, they voluntarily proposed to pay the United States a specified sum of money in case of his failure to appear and answer the charge. If they wished to know more of the nature of the charge than was recited in the bond, they could have read the affidavit to the complaint.

We hold that the offense was sufficiently described. Section 1278, Penal Code of California, has been liberally construed. People v. Barnes, 65 Cal. 16, 2 P. 493; People v. Lepori, 35 Cal. App. 60, 169 P. 692, 694.

In the latter case, it was held that designating the offense as "grand larceny" is sufficient, although the information charged grand larceny by taking from another's person. In United States v. Dunbar, 83 F. 151, 27 C. C. A. 488, two bail bonds were under consideration. In one the description of the offense was "violation of section ——— of the Revised Statutes of the United States, unlawfully conspiring to defraud the United States." In the other it was described as "violation of section ——— of the Revised Statutes of the United States, unlawfully aiding and abetting the landing of Chinese laborers in the United States." This court held both descriptions sufficient under the common law and under the law of the state of Oregon, wherein the offense was committed. In United States v. Dennis, 1 Bond, 103, Fed. Cas. No. 14,949, the condition of the bond was that the defendant should appear "to answer to the charge of stealing from the mail of the United States, contrary to the statute of the United States, in such case made and provided." In United States v. George, 3 Dill. 431, Fed. Cas. No. 15,199, on writ of error to the District Court, Dillon, Circuit Judge, affirmed the ruling of Nelson, District Judge, in holding sufficient the description "unlawfully, falsely, and deceitfully uttering and publishing as true, certain false, forged, and counterfeited writings for the purpose of defrauding the United States, then and there knowing the same to be false, forged, and counterfeited." Judge Nelson said: "The offense is set forth with sufficient clearness to enable the accused to ascertain the principal charge he was expected to meet, and greater nicety in setting out the offense was, to say the least, discretionary; it was not required in the warrant of arrest, would have been unnecessary in the mittimus, and no good reason can be urged why it should be any more minutely described in the recognizance." In Territory v. Conner, 17 Okl. 135, 87 P. 591, the bond recited that the charge against the accused was "with intent to cheat and defraud another designedly by false pretense obtaining from such other property." The court held that such a recital was sufficient at common law, although it failed to describe the offense with legal accuracy. So in Patterson v. State, 12 Ind. 86, it is held that a recital in the recognizance that the recognizor is to appear to answer to the charge of obtaining money under false pretenses is sufficient at common law, and in St. Lawrence County v. Goldberg, 175 App. Div. 88, 161 N. Y. S. 641,

the recital in the bond that the charge against the accused was "violation of section 1370 of the Penal Laws of the state of New York" was held a sufficient description. In United States v. Buchanan (D. C.) 255 F. 915, the bond recited that the accused, "in violation of the President's proclamation of March 12, 1914, of the Revised Statutes of the United States, unlawfully committed a felony." There was no proclamation of March 12, 1914, but the court held in conformity to the local state practice that it was sufficient to describe the offense by naming it a felony.

[2] Without merit is the contention that the bail bond is invalid for want of a promise by the sureties therein that upon the failure of the accused to perform the conditions of the bond they would pay to the United States the sum in which he was admitted to bail. Section 1269 of the Penal Code of California, it is true, defines the taking of bail as the acceptance by a competent court of the undertaking of sufficient bail for the appearance of the defendant according to the terms of the undertaking, "or that he would pay to the people of the state a specific sum," and in San Luis Obispo County v. Ryal, 175 Cal. 34, 165 P. 1, it was held that, if there is nothing in the bond which binds the sureties to pay any penal sum in the event of the principal's delinquency, they cannot be compelled to do it. The plain fact which answers the contention is that here the bail bond provides that the principal and the sureties "are held and firmly bound unto the United States of America in the sum of $10,000, to the payment of which, well and truly to be made, we jointly and severally bind ourselves, * * * firmly by these presents." No more definite language could have been used to express a promise to pay a specific sum. "There is no difference in their legal effect, between the words 'is held and firmly bound,' and the words 'owes and is indebted.'" Shattuck v. People, 4 Scam. (Ill.) 477; People v. Love, 19 Cal. 677; Douglas v. Hennessy, 15 R. I. 272, 3 A. 213, 7 A. 1, 10 A. 583; Milner v. Bainton, 1 Har. (Del.) 144.

[3, 4] Nor is the bond defective for failure to name the court at which the accused is required to appear. The bond is indorsed "United States District Court, Southern District of California, before United States Commissioner." The bond need not state in what court the defendant is to appear, since the law makes certain the court in which he is to be tried. People v. Carpenter, 7 Cal. 403.

But the bond in the present case recites that the accused was admitted to bail "pending examination" before the United States Commissioner on the charge specified, and it expresses the obligation of the sureties to the effect that the accused would appear and answer said charge whenever the same might be prosecuted. On the trial of the cause in the court below, the court found upon the evidence that on July 6, 1923, in the presence of the sureties, the preliminary examination of the accused was continued, and that in like manner the hearing was continued from time to time at the request of the sureties until November 13, 1923, when, the accused failing to appear, the sureties were called upon to produce his body, and that, upon their failure to comply, the Commissioner ordered that the bond be forfeited.

The judgment is affirmed.