## UNITED STATES v. GIACOLONE et al.

District Court, E. D. New York. December 10, 1929.

No. 3072.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Frederick J. Peper and Alfred C. McKenzie, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for the United States.

Buchner & Gilmore, of Brooklyn, N. Y., for defendant Perazio.

GALSTON, District Judge. This is an action at law on a bond executed by the defendant Giacolone, as principal, and the defendants Perazio and Liotta, as sureties; the condition of the bond being that if Giacolone, charged with having violated section 150 of the Criminal Code of the United States (18 USCA § 264), in that he unlawfully and knowingly and feloniously had in his possession three certain plates, false, for counterfeiting of Federal Reserve notes of the denomination of $10, and an indictment having been filed in the District Court, Eastern District of New York, against the said Giacolone, should personally appear on the first day of the term commencing April 7, 1926, or prior thereto, when notified by mail by the United States attorney, "and from term to term and time to time thereafter to which the case may be continued, then and there to answer said charge, and then and there render himself amenable to the order and processes of the said District Court and not depart from said District without leave," the recognizance to be void, otherwise to remain in full force and effect.

The testimony shows that on March 4, 1927, a notice was mailed to the defendant Giacolone and to the sureties Perazio and Liotta, requiring the defendant to be present at a stated term of the court to be held on March 4, 1927, at 10:30 o'clock, in room 312 of the United States District Court for the Eastern District of New York. The original records of the court entered by the clerk of the court show that the defendant defaulted on March 4, 1927, and this case was adjourned to March 10, 1927, for forfeiture. The sureties at no time surrendered Giacolone to the court, nor does it appear that the court obtained jurisdiction over his person at any time following his release on bail. On March 10, 1927, forfeiture of the bond herein was granted on motion of the United States attorney, and on March 11, 1927, an order was filed and entered forfeiting the recognizance and awarding a writ of scire facias against the defendant and the sureties.

The defense to the action raises various points:

That the case was not properly on the calendar;

That the bond itself is insufficient;

That the government failed to prove its case; and

That the surety was exonerated by the action of the government.

None of these points seems to be meritorious.

As to the first ground, the defendant Perazio contends that not all of the defendants were served, and that consequently the case could not be noticed for trial. Inasmuch as the liability under the bond was several as well as joint, section 475 of the Civil Practice Act of the State of New York is a complete answer: "§ 475. Judgment in action against defendants severally liable. Where a summons issued against two or more defendants alleged to be severally liable is served upon some, but not upon all of them, the plaintiff may proceed against those upon whom it is served as if they were the only defendants named therein. * * * *"

The second point is that the bond itself was insufficient. Here the argument is advanced that the bond fails to set out a crime against the United States. The language of the bond is:

"That the said Joseph Giacolone principal having been charged with the following offense, to wit: that he did on or about the 20 day of February, 1926, within the said District, in violation of Section 150 of Criminal Code of the United States, unlawfully and knowingly and feloniously have in his possession etc. 3 certain plates false for counterfeiting of Federal Reserve Notes of the denomination of $10.00,

"And an indictment having been filed in the District Court, Eastern District of New

254

York against said principal by reason of the above violation."

The defendant Perazio contends that the "etc." of the paragraph makes the charge insufficient. It may be conceded that the use of "etc." is not to be commended, but it does not in any way detract from the meaning of the provision. Indeed, the abbreviation could have been omitted entirely without vitiating the paragraph. Section 1014 of the United States Revised Statutes (18 USCA § 591) provides that the prisoner must be bailed by the judicial officer "agreeably to the usual mode of process against offenders" in this State.

Section 568 of the New York Code of Criminal Procedure is complied with if the charge states briefly the nature of the crime. See also United States v. Dunbar (C. C. A.) 83 F. 151. The bond here certainly sets forth the nature of the crime and indeed the crime itself.

■ The next ground raised is that the government failed to prove its case. Here the contention is, though the writ contains an allegation that forfeiture was made as of March 10, 1927, that there was no allegation in the writ that the defendant was required to be present in court on that day. The stipulation of proof is that on March 2, 1927, a notice was mailed to the defendant Giacolone and the sureties to appear in court on March 4th. That day a default was noted and the case was adjourned to March 10th, at which time a motion for forfeiture of the bond was granted. I think the proof conforms with the pleading.

■ Finally it is urged that the surety should be exonerated because the government, without the consent of the surety, permitted the defendant to leave the courtroom ostensibly to look for his counsel. This again is a frivolous position. On September 27, 1926, the general calendar was first called in order to enable the presiding judge to mark the cases appearing on the day calendar. At that call of the calendar it appears that Giacolone was present and asked that the case be marked ready. Meanwhile he looked for his counsel. When, shortly thereafter, the case was called for trial on that same morning, his counsel appeared, but Giacolone did not. He had disappeared. There is nothing in those facts which shows that the government consented to a modification of the terms of the bond, and in consequence, Reese v. U. S., 9 Wall. (76 U. S.) 13, 19 L. Ed. 541, is not at all applicable.

Judgment may be entered for the plaintiff.