## Commonwealth, to use, v. McEntee

*Mark Thatcher*, for plaintiff; *Stace B. McEntee*, for defendant.

BOYER, J., January 7, 1935.—This is an action of assumpsit brought against the above-named defendant as surety on two bail bonds or recognizances taken before a justice of the peace for the appearance of the defendants in a prosecution before the same justice for a hearing. The statement of claim avers that the defendants were held for a preliminary hearing upon charges of manufacturing and possessing intoxicating liquor in violation of the so-called "Snyder-Armstrong Prohibition Act", and that they failed to appear on the dates required in the bail bonds or at any time thereafter, nor were they produced by the surety, the defendant in this action. The bonds were taken and executed on October 23, 1932. The court will take judicial notice of the fact that this was on a Sunday.

The affidavit of defense raises only one specific question, namely, whether the bonds, having been executed on Sunday, were void. There is no authority on this question in the State of Pennsylvania so far as we have been able to ascertain. However, it is held in numerous other jurisdictions and is set forth in textbooks as the law that such a bond is valid and not in violation of the acts of assembly prohibiting the making of contracts on Sunday. This is based on the theory that the entering of such bond or recognizance is an act of necessity and charity and not secular judicial business: De Orozco et al. v. United States, 237 Fed. 1008, 1013; 60 C. J. 1142, sec. 99, and the numerous authorities there cited; 1 Bishop, New Criminal Procedure, sec. 264 (c) 5. In De Orozco et al. v. United States, supra, the court said: "The fact that the amount of the

bond was fixed and the bond executed and approved on Sunday does not make it invalid. In 37 Cyc. 581, the text reads: 'It is well settled that a bail bond or recognizance entered into on Sunday, for the purpose of releasing a person held in custody, is valid, the entering into such bond being considered as an act of necessity and charity and not judicial business.' "

There can be no doubt that the execution of such a bond is an act of charity and necessity within the meaning of the Sunday laws. Every defendant is presumed to be innocent until convicted of the crime with which he is charged. The result of a prohibition against giving bail on Sunday would mean that innocent defendants would be compelled to suffer imprisonment without just cause. Therefore, exempting the execution of bail bonds from the operation of the Sunday laws is based on sound principle.

While the affidavit of defense does not specifically raise the question, the defendant at argument contended that liability on the bond was terminated by the repeal of the Snyder-Armstrong Prohibition Act on November 29, 1933, which was a year and a month after the forfeiture of the bond in question. We have specifically ruled otherwise in an opinion this day filed in Commonwealth v. Lutz, Court of Common Pleas of Bucks County, no. 49, September term, 1934, citing in that opinion the case of Commonwealth v. Benedict et al., 114 Pa. Superior Ct. 183.

Now, January 7, 1935, the questions of law raised by the affidavit of defense are decided against the defendant and are dismissed with leave to the defendant to file an affidavit of defense to the facts within 15 days from this date.