## Case No. 15,069.

### UNITED STATES v. FANJUL.

[1 Lowell, 117.] [1]

Circuit Court, D. Massachusetts. 1866.

INFORMER — MONEY PAID UPON RECOGNIZANCE.

1. The penalty of a recognizance for the appearance in court of a defendant charged with a crime under the customs act of 1799 [1 Stat. 627], is not a penalty recovered by virtue of that act.

2. It seems, that a fine imposed under that act goes, in part, to the informer.

3. But money paid into court by the sureties on a recognizance is not such a fine, and is not instead of a fine, though the alleged crime was one that might have required the imposition of a fine if the defendant had been convicted; and no part of it belongs to the informer.

The defendant was arrested on an indictment charging him with a criminal offence

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

under the customs act of 1799, and gave bail for his appearance, but afterwards made default, and his sureties paid the amount of the bond into court. The petitioner alleged himself to be the person who first informed the collector of the crime committed by the defendant, and prayed that a moiety of the money in the registry might be paid out to him.

W. A. Field, Asst. U. S. Dist. Atty., submitted the case without argument, excepting a citation of Ex parte Marquand [Case No. 9,100], and a statement of the practice which has followed that decision.

LOWELL, District Judge. In Ex parte Marquand [supra], it was decided that fines imposed on a defendant in a criminal case, under the statute of 1799, were to be distributed under section 91 of that act (1 Stat. 697), like penalties and forfeitures; and it is understood to have been the practice in all the districts, since that case, to admit informers to a share of such fines. But in this case the penalty, so called, which has been paid into court, is not a fine, penalty, or forfeiture recovered by virtue of that act, but the penalty of a recognizance taken by the court to insure the appearance of the defendant to answer the charge. The amount in which the bond was taken was estimated with a view to all the circumstances of the charge, including the possible fine; but it was in no sense a substitute for the fine. If the defendant, after his default, had appeared, or had been brought in by his bail, the court might have remitted to the sureties the whole or some part of the penalty of the recognizance, by virtue of the act of 1839 [5 Stat. 321]. Supposing the time for such action to be passed, and that the sureties have relinquished all claim to a remission, still if the defendant is found he can be tried, and if convicted may pay a fine, in which the petitioner may be interested; but as I said before, no such fine or penalty has yet been imposed or paid. It was once the law of England, in certain cases, that upon default of the principal, his sureties should take the punishment which he ought to have borne; and this is what the petitioner says we arrive at in a roundabout way by charging the bail. It may turn out to be true, in fact, that the government will be content with this payment, and make no effort to find the defendant; but any bargain to that end would be as illegal as it would be impolitic; and even if it were made, the result would not be that a fine had been paid for a breach of the statute of 1799. It is very doubtful whether an informer has any strict legal right to money paid by way of compromise for a breach of the act, even when the remedy is only of a civil nature. Here there is no evidence of any compromise, or of any payment on account of the breach of a revenue law.

Petition dismissed.