In re CAPONIGRI.

Appeal of UNITED STATES.

(District Court, S. D. New York. February 12, 1912.)

1. WORDS AND PHRASES—"PENAL."

An obligation is "penal" in substance when its amount is measured neither by the obligee's loss nor by the valuation placed by him upon what he has given in exchange.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 6, p. 5268.]

2. BANKRUPTCY (§ 314*)—CLAIMS PROVABLE—DEBTS TO UNITED STATES—
   "PENALTY"—"FORFEITURE."
       A claim of the United States on a forfeited recognizance for bail in
   a criminal case is a "penalty" or a "forfeiture," within Bankr. Act July
   1, 1898, c. 541, § 57j, 30 Stat. 560 (U. S. Comp. St. 1901, p. 3444), which
   provides that debts due the United States as a penalty or forfeiture
   shall not be allowed in bankruptcy, except as to the pecuniary loss ac-
   tually sustained.

       [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 314.*

       For other definitions, see Words and Phrases, vol. 3, pp. 2893–2899;
   vol. 8, p. 7665; vol. 6, pp. 5272–5276; vol. 8, p. 7750.]

In the matter of Pasquale Caponigri, bankrupt. On petition to re-
view an order disallowing a claim of the United States. Affirmed.

    Petition to review an order of a referee disallowing the claim in bank-
ruptcy of the United States upon a judgment against bail who had given
a criminal recognizance. Hardt had been indicted for stealing funds of an
estate in bankruptcy of which he was trustee. Caponigri became his bail
under a recognizance. Hardt absconded, and the United States took judg-
ment against Caponigri, who subsequently became a bankrupt. The Unit-
ed States seeks to prove the judgment against Caponigri's estate, and has
been allowed to do so by the referee only to the extent of its costs recov-
ered. The United States appeals.

J. Neville Boyle, for the United States.
Mr. Hope, for trustee.

HAND, District Judge (after stating the facts as above). [1] The
position of the United States seems to me verbal in logic, unjust in
result. It is verbal, because the recovery on a recognizance for bail
is essentially the recovery of a penalty, and is a forfeiture. In sub-
stance, an obligation is penal when its amount is measured neither by
the obligee's loss nor by the valuation placed by him upon what he
has given in exchange. Here .the recognizance was clearly of that
sort. The sum was fixed at so much that its prospective loss would
presumably coerce the defendant to appear or the bail to produce
him. It had, of course, no relation to any loss suffered by the United
States or anything given by it; for it is perverted to regard the fail-
ure to try the defendant as being valued by the United States at so
much money, or his temporary freedom from arrest as being ex-
changed for the sum of the recognizance.

[2] The only ground suggested is that the obligation sounds in
contract and that debt lies upon it. These are verbal reasons, not
valid against the clear meaning of a section like 57j (Bankr. Act
July 1, 1898, c. 541, 30 Stat. 560 [U. S. Comp. St. 1901, p. 3444]).
It is true that there are cases where "fine, penalty, and forfeiture"
do not cover recognizances; but they depend upon the context. Thus
an informer is not entitled to share in the recovery on the theory
that it is for a "fine, penalty, or forfeiture." Re Brittingham (C.
C.) 5 Fed. 191; U. S. v. Fanjul, 1 Lowell, 117, Fed. Cas. No. 15,069.
In such cases it is hardly the information which leads to the for-
feiture—at least, except in a roundabout way. The information leads
to the indictment, and the defendant's absconding to the forfeiture.

Certainly the statute meant that the information should lead to a conviction. As Judge Lowell says, the trial will still take place if the defendant appears, and the informer may get his share upon conviction, notwithstanding the recovery from the bail. Besides, that statute included the word "fine," which is clearly punishment for crime. Like all other language in statutes and elsewhere, its meaning depends more upon its context than on its etymology. "Penalty and forfeiture" may mean only punishment for crime, or they may be used generally. I think they are used so here, and they certainly may, though they need not, cover such a case.

The result would be unjust, because the words of the statute so plainly show the purpose of Congress not to exercise its sovereign right to a preference, except as the United States treasury has suffered. Nothing could be plainer. It would be unjust to thwart so plain a purpose through at best only verbal ambiguity. Besides, what can be said for a result which would prevent a preference against the defendant's estate, if he had been convicted and fined, but which would permit it against his surety, when he ran away?

Petition denied; order affirmed.