### ANDUAGA et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 21, 1918.)

No. 3284.

BAIL ⊜⇒64—CRIMINAL PROSECUTIONS—SUFFICIENCY OF BOND.

 A bail bond is not rendered invalid because of a mere verbal inaccuracy, caused by accidental transposition of words, which does not work injury to any person in interest.

In Error to the District Court of the United States for the Western District of Texas, San Antonio Division; Duval West, Judge.

Action by the United States against Enrique Anduaga and A. B. Copeland. Judgment for the United States, and defendants bring error. Affirmed.

Ed. Halton, of San Antonio, Tex., for plaintiffs in error.

Hugh R. Robertson, U. S. Atty., of San Antonio, Tex.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

BATTS, Circuit Judge. Article 1014, R. S. (Comp. St. 1916, § 1674), provides that a United States commissioner may take bail in any state "agreeably to the usual mode of process against offenders in such state." A provision of Code of Criminal Procedure of Texas 1911, art. 321, is to the effect that—

"A bail bond shall be sufficient if it contains the following requisites: * * *

"3. If the defendant is charged with an offense that is a felony, that it state that he is charged with a felony."

The bond upon which the judgment appealed from was based was in accordance with the law, unless the following is insufficient as a compliance with the quoted subdivision:

"Answer the United States in a complaint filed against him, the said a felony in said court, charging him with."

It is apparent that any deficiency is the result of a mere transposition of words, probably caused by filling blanks in a printed form. The words as used constitute a sufficient recital of the fact that the defendant was charged with a felony. A mere clerical inaccuracy, re-

sulting in no harm to any person at interest, ought not to be permitted to defeat the purpose of the law and the intentions of the parties to the bond.

The judgment is affirmed.