### UNITED STATES v. PAYNE et al.
#### No. 12497.

District Court, W. D. Washington, N. D.
Dec. 7, 1928.

See, also, 30 F.(2d) 960.

Anthony Savage, U. S. Atty., and Tom De Wolfe, Asst. U. S. Atty., both of Seattle, Wash.

Preston, Thorgrimson & Turner, of Seattle, Wash. (by Leander T. Turner, of Seattle, Wash.), for defendant.

BOURQUIN, District Judge.

It appears that Payne and others, on a charge of conspiracy, were indicted in this court on January 19, 1925, and the court fixed bail in amount $5,000, but $4,000 if a surety company bond was furnished. A bench warrant was returned "not found," and on December 18, 1926, before a United States commissioner in Los Angeles, the defendant and surety company executed the bond in suit which recites that before the commissioner complaint had been made that within this district Payne had violated the conspiracy statute (Cr. Code § 37 [18 USCA § 88]); that he had been arrested upon a warrant issued upon said complaint, had been committed for removal to this district, "and has been duly admitted to bail in the sum of five thousand dollars"; that, if he appears and answers to any "indictment filed in the district court wherever and particularly at the next term of court in said Western District of Washington, at Seattle, May 3, 1927 and whenever the same may be called or prosecuted," the bond would be void and not otherwise.

It also appears that others of those indicted had been tried before Payne's arrest; that thereafter the case was set for trial of those not theretofore tried, no trial had, stricken from the assignment calendar, and June 25, 1928, Payne was called for arraignment, did not respond, the bond was ordered forfeited nisi, and these proceedings begun.

The defenses are as follows:

First. That in any event forfeiture can extend to but $4,000 fixed by this court in case of a surety bond. Had bail been given pursuant to the order of the court, the contention would be sound. Perhaps an excess would avoid the bond. But this bond was given pursuant to the order of the United States commissioner, bail fixed by him at $5,000 as he had jurisdiction to do. His discretion was in no wise controlled by the order of this court.

Second. That the bond was conditioned for Payne's appearance during the May, 1927, term only. Untenable for that the fair interpretation of this compensated surety company bond is otherwise.

Its condition is to appear at the next term of court commencing May 3, 1927, and whenever the same may be called or prosecuted at any term thereafter until by the court discharged.

Accordingly, it is immaterial whether or not section 1957, Rem. Comp. Stat. Wash., counted upon in the National Surety Cases (9th C. C. A.) 29 F.(2d) 92, Oct. 29, 1928, is repealed. It may be observed, however, that, although the federal statute (18 USCA § 591) provides that accused may be bailed "agreeably to the usual mode of process * * * in such State," nothing in the state law can detract from the force and effect of the language of the bond however much it may apply to mode or form. Some minor contentions by the surety made seem to require no discussion. The court finds for plaintiff and against defendant and surety.

Judgment for plaintiff for $5,000, legal interest from June 25, 1928, and costs.