UNITED STATES v. SMITH et al.

SAME v. BARONE et al.

Nos. 3900, 3901.

District Court, D. New Jersey.
May 18, 1933.

Harlan Besson, U. S. Atty., of Hoboken, N. J., and Walter B. Petry, Asst. U. S. Atty., of Trenton, N. J.

Isidore Dworkin, of Hoboken, N. J., for defendants.

AVIS, District Judge.

The two cases set forth in the title hereof are almost identical as to the facts involved, and briefs have been filed by the attorney for defendants, setting forth the same legal reasons.

Both defendants were included in one information, and were jointly engaged in the same alleged violation, and this memorandum will therefore apply to both cases.

The cases are submitted on scire facias proceedings on final hearing and on agreed statement of facts.

The docket entries show that defendants appeared on June 17, 1929, and pleaded not guilty. At sundry later dates, the entries show the issuance and return of subpœnas, indicating that the cases were ready for trial, and not moved. Why, the record does not show. On May 19, 1932, Judge Fake, of this court, heard a motion to suppress the evidence, and, on the same date, motion was denied. On May 25, 1932, motion to quash the information was denied by Judge Fake. On May 27, 1932, subpœnas for witnesses were issued, and on June 1, 1932, recognizances were forfeited and scire facias ordered.

Bench warrants were issued for defendants and returned unexecuted on June 2, 1932, and on October 3, 1932, order of Judge Fake, denying application to quash and denying application to suppress, was filed.

Counsel for defendants, in effect, sets forth and argues four reasons why recognizance is void, and not binding upon the surety, viz.:

██ (1) The recognizance does not sufficiently set forth the time and place where defendant was to appear.

The time is fixed by the statement in the recognizance as the "January term, 1929, * * * at ten o'clock A. M. on the fifth day of Feb. A. D. 1929 and from day to day and from time to time thereafter, until finally discharged therefrom."

It would be difficult to more specifically state the time, and I feel such statement was sufficiently explicit. The place is stated as the "District Court of the United States in and for the said District of New Jersey * * * to be begun and held at the City of Trenton, N. J." The place is sufficiently stated.

In addition to the clear statement of time and place, it appears by the record that both defendants appeared in court and entered their plea of "not guilty" to the charge, and their bail was continued. They apparently knew where and when they were to appear.

██ (2) The recognizance was void because it did not hold the defendants for appearance at the next term of court.

The opening day of the January term of the court at Trenton was a few days before the recognizances were executed, and the New Jersey statute referred to in the briefs (2 Comp. St. 1910, p. 1828, § 23) authorizes magistrates to let to bail, "unto the next court of quarter sessions or court of oyer and terminer." This provision is apparently for the benefit of the defendant, to give him a speedy trial, as provided by the New Jersey Constitution, and could not be detrimental to the defendants' cases. The statutes of New Jersey, generally, govern the taking of bail, and, if so, in this case, I believe it was complied with substantially.

In addition, the federal courts are not required to literally follow the statute. Bassett v. United States (C. C. A. 9) 18 F. (2d) 856, certiorari denied 275 U. S. 548, 48 S. Ct. 85, 72 L. Ed. 419.

"A bail bond is a contract between the government, on the one side, and the principal and surety, on the other." Joelson v. United States (C. C. A. 3) 287 F. 106, 108.

In my opinion, a substantial compliance with the statute is all that is required. It was not necessary that the defendants should be compelled to appear at the opening day of the next term. A day in the then existing term was legal.

██ (3) It is contended for defendants that the recognizance does not state the offense with which the defendants were charged.

The language of the recognizance is "that on or about the tenth day of January, 1929, within said district in violation of sections ——— of the National Prohibition Act he did unlawfully violated the above laws." It is true that it does not charge the specific offense of possession of intoxicating liquors, but it does sufficiently state the law claimed to have been violated. See Moran v. United States (C. C. A. 9) 10 F. (2d) 455. If there are verbal inaccuracies in the recognizance, it will not affect its validity. Anduaga v. United States (C. C. A. 5) 254 F. 61. On this point, I hold against the defendants.

██ (4) That the failure to promptly dispose of the case discharges the surety.

It has been held, and counsel for defendants contends in his brief, that the conditions of the bond are governed by the state law. See, also, Palermo v. United States (C. C. A. 8) 61 F. (2d) 138; United States v. Payne (D. C. W. D. Wash. N. D.) 1 F.Supp. 895.

The state law on this point, found in 2 Comp. St. N. J., p. 1856, § 118, reads as follows: "Every recognizance entered into before any court having criminal jurisdiction in this state, shall remain in full force and effect until the cause in which said recognizance shall be entered into shall be finally determined or the same discharged by order of the court."

This is also the general law as established by the federal cases, and I am satisfied that it is not necessary to dispose of the case during the term to which the recognizance runs. If defendants had desired an early disposition of their case, application to the court at any time would have protected their rights.

Judgment for complainant will be entered.