## UNITED STATES v. LUTHER et al.
### No. 5301.

District Court, E. D. New York.
Dec. 12, 1935.

See, also, 5 F.Supp. 319.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y. (Frank J. Parker, of Brooklyn, N. Y., of counsel), for plaintiff.

Charles J. Buchner, of Brooklyn, N. Y., for defendant John M. Horan.

Hanft & Hanft, of Brooklyn, N. Y. (S. Hanft, of Brooklyn, N. Y., of counsel), for defendants Rose Callo and Rose Tesaroa.

GALSTON, District Judge.

This is an action to recover on a bail bond. A jury was waived.

In substance, the complaint alleges that the defendants jointly and severally executed an undertaking wherein they bound themselves in the sum of $10,000 for the appearance of the defendant Matthew Luther, before the District Court of the United States in the Eastern Division of the Northern District of Ohio, on the first day of the term to be begun on April 4, 1922. This bond or undertaking was executed before a commissioner of the United States District Court for the Eastern District of New York, on or about March 4, 1922. Luther failed to appear before the District Court of the United States for the Eastern Division of the Northern District of Ohio on the 4th day of April, 1922, and in due course an order of forfeiture was made by that court. The government accordingly seeks judgment against the defendants in the sum of $10,000. The answers raise various issues, the most important of which are set forth in separate defenses. It is alleged that the bond, undertaking, or recognizance, forming the subject-matter of the complaint, does not contain a sufficient description of the crime and is therefore not a bail bond; that under the Code of Criminal Procedure of the state of New York, it is not a bail bond; that the action is barred by a United States statute of limitations; that it is barred by a statute of limitations of the state of New York; that the recognizance was not recorded by the clerk of the court in accordance with section 13529 of the General Code of the statutes of Ohio; that the proceedings of forfeiture were not pursuant to section 13545 of the General Code of the statutes of Ohio; that the cause of action is barred by the statute of limitations of the state of Ohio (Gen.Code Ohio 1921, § 11221).

The bond recites that if the defendant Luther "shall personally appear before the District Court for the Northern District of Ohio, Eastern Division, at Cleveland, Ohio, on the first day of the term to be begun on the 4th day of April, 1922, at 10 o'clock A. M., or prior thereto, when notified by mail by the United States attorney, and from term to term and time to time thereafter * * * to answer the charge of having, on or about the 10th day of September, A. D. 1920, within said district, in violation of section 215 of Criminal Code of the United States [18 U.S.C.A. § 338] unlawfully, wilfully and knowingly devised and intended to devise a scheme and artifice to defraud the Ohio Coal and Supply Company of Cleveland, Ohio, and diverse other persons, etc., and then and there abide the order of the said District Court and not depart from said district * * * then this recognizance to be void. * * *"

A certified copy of the order forfeiting the bond was offered in evidence, from which it appears that on April 11, 1922, the defendant having failed to come into

court to answer the indictment, the recognizance was forfeited.

 The first question to be decided is whether, as the answers allege, the undertaking failed to "allege" an act punishable by federal statute. There is no necessity for an undertaking to allege anything. It is sufficient if it describes the offense to which the sureties under title 18 U.S.Code, § 591 (18 U.S.C.A. § 591), bind themselves. The undertaking recites that the defendant in the criminal suit is to answer the charge of having violated section 215 of the Criminal Code of the United States (18 U.S.C.A. § 338). In Moran v. United States (C.C.A.) 10 F.(2d) 455, 456, it was held that a bail bond of this kind was sufficient. The court said, referring to the same argument which is advanced by the defendants herein:

"We are not impressed with the force of the argument. The sureties knew that the accused was arrested on a charge of crime against the United States. To obtain his release, they voluntarily proposed to pay the United States a specified sum of money in case of his failure to appear and answer the charge. If they wished to know more of the nature of the charge than was recited in the bond, they could have read the affidavit to the complaint."

So in the case at bar, it was a simple matter, if the sureties were in any doubt, to consult section 215 of the Criminal Code of the United States to learn that the defendant Luther was charged with having used the mails in furtherance of a fraudulent scheme to obtain money. Since title 18, U.S.Code, § 591 (18 U.S.C.A. § 591), in respect to the giving of bail, provides that that be done "agreeably to the usual mode of process against offenders in such State, and * * * be arrested and imprisoned, or bailed, as the case may be," it is pertinent to observe that a description of the crime is not necessary. People v. Gillman, 125 N.Y. 372, 26 N.E. 469.

 The more important question is whether the action is barred by any statute of limitations. Title 28, U.S.Code, § 791 (28 U.S.C.A. § 791), provides:

"*Penalties and forfeitures; under laws of United States.* No suit or prosecution for any penalty or forfeiture * * * accruing under the laws of the United States, shall be maintained * * * unless the same is commenced within five years from the time when the penalty or forfeiture accrued: Provided, That the person of the offender, or the property liable for said penalty or forfeiture, shall, within the same period, be found within the United States."

On its face, this statute applies only to a statutory penalty or forfeiture. It does not affect suits where the action is to collect the penal sum of a bond. The matter was considered in United States v. United States Fidelity & Guaranty Co. (C.C.A.) 221 F. 27, 28. In that case the action was brought against the defendant as surety on the bond of one who operated a grain distillery, the condition of the bond being that such operator "shall in all respects faithfully comply with all the provisions of law relating to the duties and business of distillers." The court said, after citing the statute: "But this suit is brought upon the bond of a surety, and not to recover a statutory penalty or forfeiture, and it seems clear to us that the section quoted has no application."

See, also, Raymond v. United States, Fed.Cas. No. 11,596.

 The defendant argues alternatively that if there is no federal statute of limitations, then the statute of limitations of Ohio controls. This is asserted on the bare contention that the bond is to be construed in accordance with the laws of the state where the crime was committed. There is no authority cited in support of that proposition. The action was begun in this district. Title 18, U.S.Code, § 591 (18 U.S.C.A. § 591), provides that the arrest or bail shall conform to the usual mode of process in the state where the defendant is found. The arrest was in the Eastern District of New York. The bail was given in the Eastern District of New York. The regularity of either is to be tested by the laws of the state of New York. See United States v. Zarafonitis (C.C.A.) 150 F. 97, 10 Ann.Cas. 290. It follows logically that since a bond is a contract, an action to enforce it is a civil action and the procedure is to be determined by the laws of the state. U. S. v. Davenport (D.C.) 266 F. 425; Palermo v. United States (C.C.A.) 61 F.(2d) 138; United States v. Smith (D.C.) 3 F.Supp. 498.

The statute of limitations in New York as to sealed instruments (the bond herein is such an instrument) is set forth in Civil Practice Act, § 47, which provides:

"An action upon a sealed instrument must be commenced within twenty years after the cause of action has accrued."

In accordance with the foregoing opinion, I direct judgment for the plaintiff and costs.