## BERKOWITZ v. UNITED STATES.

### No. 10855.

Circuit Court of Appeals, Eighth Circuit.

June 10, 1937.

Rehearing Denied July 12, 1937.

882

W. R. King, of Omaha, Neb. (H. Fischer, of Omaha, Neb., on the brief), for appellant.

Frederick G. Hawxby, Asst. U. S. Atty., of Omaha, Neb. (Joseph T. Votava, U. S. Atty., and Ambrose C. Epperson and Emmet L. Murphy, Asst. U. S. Attys., all of Omaha, Neb., on the brief), for the United States.

Before GARDNER, WOODROUGH, and BOOTH, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from a judgment entered against a surety on a bail bond. The appellee, United States, was plaintiff below, and the appellant, Sam Berkowitz, was defendant, and for convenience we shall refer to the parties as they were there designated.

It was alleged in plaintiff's petition that on December 7, 1935, one Gow D. Huie was arrested at Omaha, Neb., and charged in a complaint before a United States commissioner with unlawfully dealing in narcotic drugs and with the unlawful sale of narcotic drugs; that thereafter and before further proceedings were had before said United States commissioner, a federal grand jury, on December 19, 1935, returned an indictment against Gow D. Huie and one other, charging them with violation of the Harrison Narcotic Act (as amended, 26 U.S.C.A. §§ 1040–1054, 1383–1391) and the Jones-Miller Act (as amended, 21 U.S.C.A. §§ 171–177, 180, 182, 184, 185); that on December 20, 1935, Huie, as principal, and Sam Berkowitz, as surety, entered into an appearance bond before a United States commissioner at Omaha, Neb., in the sum of $3,000 conditioned for the appearance of the principal, Gow D. Huie, in the District Court of the United States for the District of Nebraska, Omaha Division, from day to day of the then term and from day to day of any subsequent term, to answer all matters and things that might be objected against him and to abide the orders and judgment of the court and not depart without leave, and to surrender himself to the United States marshal, if sentenced, at the time when the sentence of imprisonment should begin; that on the 18th of May, 1936, Huie appeared in open

court, was arraigned on said indictment, and entered a plea of guilty to each count thereof. That thereafter, on June 1, 1936, he was brought before the court to be sentenced, and "it was then and there ordered and adjudged by the court that the said defendant, Gow D. Huie, be confined in the United States Penitentiary at Leavenworth, Kansas, for a period of two years on each count of the indictment, said sentences to run concurrently, and to pay a fine of $1,-000.00, said fine to cover all counts of said indictment, the said defendant, Gow D. Huie, to surrender in thirty days to commence execution of said sentence. It was then and there further ordered by the court that the bond of said Gow D. Huie be increased to $5,000.00;" that thereupon, on said date, Huie, as principal, and Sam Berkowitz, as surety, entered into a bail bond in the sum of $5,000 before the District Judge of said district at Omaha; that said bail bond provided that if Gow D. Huie should surrender himself to the United States marshal at the time when his sentence of imprisonment was to begin, on July 1, 1936, then the obligation should be void, otherwise to remain in full force and virtue; that Huie failed to surrender himself to the custody of the marshal, and the defendant, Berkowitz, failed to produce him for the execution of his sentence as provided in said bond; that proper proceedings were then had for the forfeiture of the bond. No question is raised as to the regularity or sufficiency of the proceedings taken to effect a forfeiture of the bond, and neither is any question raised as to the validity of the $3,000 bail bond which was executed by the defendant herein as surety.

Defendant demurred to the petition, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled and the defendant, through his counsel, having refused to plead further, and having stated that he did not desire to make a defense on the merits, but that he stood upon his demurrer, the court entered judgment against him for the amount of the bond and costs. On appeal from this judgment, defendant urges that the court erred in overruling his demurrer and in entering final judgment in favor of plaintiff. His contentions, though variously stated, may be summed up in the statement that he challenges the authority of the court to admit Huie to bail after sentencing him.

Generally speaking, it may be said that granting bail and fixing its amount is a judicial or quasi-judicial function, and that power to take bail is incident to the power to hear and determine or to commit, so that any court or magistrate that has jurisdiction to try an accused in any case has jurisdiction to admit him to bail, subject, of course, to such regulations or limitations as may be imposed by statute. It is equally true that bail taken by a court without jurisdiction of the accused is void. In the instant case, it is here observed that, at and prior to the time of the execution of the bail bond in question, Huie was under bond executed by the defendant in this case, which required him to appear from day to day and not depart without order of court, and, if sentenced to imprisonment, to surrender himself to the United States marshal at the time when his sentence of imprisonment should begin, and he was at liberty under that bond. The order of the court, under which the $5,000 bond was given, simply provided that the amount of the bond under which Huie was then at liberty "be increased to $5,000.00." Defendant was then within the court's jurisdiction, and the execution of this bond was for the purpose of complying with the order of the court that the amount of the bond be increased. This order was embodied in the judgment sentencing Huie. Defendant here contends, however, that the court was without authority to permit Huie to give this bond and thereby continue at large until the date fixed for the commencement of his sentence, because, it is said, the rules of the Supreme Court governing appeals in criminal cases (28 U.S.C.A. following section 723a) deprived the trial courts of such authority.

Rule 1, strongly relied upon, reads as follows:

"I. Sentence. After a plea of guilty, or a verdict of guilt by a jury or finding of guilt by the trial court where a jury is waived, and except as provided in the Act of March 4, 1925, c. 521, 43 Stat. 1259 (18 U.S.C.A. §§ 724–727), sentence shall be imposed without delay unless (1) a motion for the withdrawal of a plea of guilty, or in arrest of judgment or for a new trial, is pending, or the trial court is of opinion that there is reasonable ground for such a motion; or (2) the condition or character of the defendant, or other pertinent matters, should be investigated in the interest of justice before sentence is imposed.

"Pending sentence, the court may commit the defendant or continue or increase the amount of bail."

Rule 6, also cited by appellant, reads as follows:

"VI. Bail. The defendant shall not be admitted to bail pending an appeal from a judgment of conviction save as follows: Bail may be granted by the trial judge or by the appellate court, or, where the appellate court is not in session, by any judge thereof or by the circuit justice.

"Bail shall not be allowed pending appeal unless it appears that the appeal involves a substantial question which should be determined by the appellate court."

■ These rules of court have the force and effect of statute and they were promulgated for the purpose of expediting the disposition of appeals in criminal cases.

It is first observed that the action of the court did not violate any specific provision of the invoked rules. We do not think that every act or proceeding taken by the lower court which may not be in strict conformity with these rules is necessarily void as done or performed without jurisdiction. For instance, rule 1 provides that "sentence shall be imposed without delay," with certain exceptions not here material. Let us suppose that the court, without proper grounds therefor, should fail to impose sentence "without delay," but finally, after great and inexcusable delay, it imposed sentence. Could the defendant be heard to complain that the sentence was void because not promptly imposed pursuant to this rule of court? Could such a sentenced defendant successfully prosecute proceedings for a writ of habeas corpus? Might a defendant threatened with such a sentence secure a writ of prohibition preventing the trial judge from imposing sentence on the ground that he had lost jurisdiction of the case? We think the answer is obvious.

The assumed conduct of the trial court in such case might well have been subject to criticism. It is possible that the United States District Attorney might have prosecuted mandamus proceedings for the purpose of requiring the judge to impose sentence, but certainly, the sentence, though tardily imposed in violation of the rule, would not for that reason have been void for want of jurisdiction.

■ Rule 1, here invoked by the defendant, provides that, "Pending sentence, the court may commit the defendant or continue or increase the amount of bail." The court here pronounced sentence, but it provided in its judgment pronouncing sentence that the sentence should not begin until thirty days from the date of its pronouncement. During all that time the court had control of its judgment and this potential sentence. The term of court had not expired, and it could have modified or set aside the judgment, so that the sentence so pronounced was a sentence to be served, unless, during the term and prior to the time it was actually entered upon, the court should set it aside or modify it. In other words, we are of the view that this potential sentence was still pending within this rule, and the court therefore had authority to "increase the amount of bail."

■■ It may have been error to postpone sentence, yet the court acted within its jurisdiction, and the error, if any, is not one of which the surety on the bail can complain. If the court was without jurisdiction to impose a sentence to begin in the future—a practice not to be commended—then it occurs to us that the court would likewise be without authority to impose sentences to be served consecutively on conviction under various counts of an indictment. No such purpose was in mind in the promulgation of these rules. The rule here invoked was not for the benefit or protection of the accused, and he is not in position to complain if the government in its prosecution has not vigorously insisted upon the enforcement of a rule promulgated for its benefit. The rule must be interpreted in the light of its purpose. Martin v. National Surety Co., 57 S.Ct. 531, 81 L.Ed. ——.

■ But if there were doubt as to whether, properly construed, it can be said that the bond was increased "pending sentence," still we think the defendant should be held liable. So far as this surety is concerned, he, with Huie, voluntarily entered into and proffered this bond. By reason of its execution Huie was permitted to remain at liberty pending sentence. The consideration passed, and, although the judgment fixing the time for commencing the sentence may have been irregular, its terms and conditions were accepted voluntarily by the defendant in this case and his principal, Huie. The contract was acted upon, and, the court having had jurisdiction over the defendant and the subject matter, his surety ought not now to be permitted to ques-

tion the regularity of the proceedings taken.

What is said by Judge Stone in United States v. St. Clair (C.C.A.) 42 F.(2d) 26, 29, is here pertinent. It is there said: "Whether the court could require a supersedeas (as distinguished from bail) we need not determine, for no objection appears to that form of order, and it seems never brought to the attention of the court, or even of the clerk, that appellee desired merely a bail bond. The situation is that the court order required a supersedeas bond; that the clerk stated the form furnished by him was that required; that appellee made no question nor raised any objection to the form of bond; that he executed it; that the principal on the bond has received the full benefit thereof, and the government has been deprived thereby of its right to enforce any part of the judgment."

In La Grotta v. United States (C.C.A.) 77 F.(2d) 673, 677, 103 A.L.R. 527, involving appeals by three defendants, it was contended, among other things, that the bail bonds given were not such as were required by law. In the course of the opinion, which was written by Judge Faris, and which held the bonds enforceable, it is, among other things, said:

" * * * it is urged that the appellant surety was exonerated by the act of the court in suspending the sentence by the two orders made, from January 3, 1929, to February 1, 1929. Since the bail bond, in consonance with section 29-901, supra, provided that the principal therein should 'not depart the court without leave,' it was a breach of the bond to do so. Other obvious orders for the benefit of the principal, if that is relevant, were still in the power of the court, before the court should finally grant leave for the principal in the bond to depart without day. * * *

"Absent a statute forbidding the inclusion of such conditions (and there is no such statute) no reason is known, why under well-settled interpretations of the nature of the contract, the bond here up for judgment should not be a valid obligation. United States v. Linn, 15 Pet. (40 U.S.) 290, 10 L.Ed. 742; United States v. Payne (D.C.) 1 F.Supp. 895; United States v. Bradley, 10 Pet. (35 U.S.) 343, 9 L.Ed. 448; Kirk v. United States (C.C.A.) 137 F. 753. Here the obligation assumed is complete, certain, and definite. It may be burdensome and onerous in its terms, 'But

where it is voluntarily entered into and the principal enjoys the benefits which it is intended to secure and a breach occurs, it is then too late to raise the question of its validity. The parties are estopped from availing themselves of such a defence. In such cases there is neither injustice nor hardship in holding that the contract as made is the measure of the rights of the government and of the liability of the obligors.' United States v. Hodson, 10 Wall. 395, loc. cit. 409, 19 L.Ed. 937."

Being of the view that the court had jurisdiction of the accused and that its action was at most irregular, and not void, the doctrine of estoppel is applicable.

The judgment appealed from is therefore, affirmed.