ENRIQUE JIMÉNEZ MARTÍNEZ, peticionario, *v.* BALBINO GONZÁLEZ, ALCAIDE DE LA CÁRCEL DE DISTRITO DE SAN JUAN, demandado.

Núm. 454.—*Sometido:* Febrero 16, 1950. *Resuelto:* Marzo 29, 1950.

*Rafael V. Pérez Marchand, Armando A. Miranda* y *Santos P. Amadeo,* abogados del peticionario; *Hon. Procurador General Vicente Géigel Polanco* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados del demandado.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

El peticionario fué arrestado y encarcelado por orden de uno de los Fiscales Auxiliares del Distrito Judicial de San

Juan, por un delito de extorsión, habiéndole dicho Fiscal fijado una fianza de $25,000 para que pudiera permanecer en libertad provisional. En el ejercicio de nuestra jurisdicción original expedimos el auto para investigar las causas de su alegada detención ilegal, bajo una petición que, en síntesis, sostenía que (1) la fianza era nula, porque (a) no existía en Puerto Rico disposición estatutaria alguna que autorizara a los fiscales a fijar fianzas, y porque (b) de existir tal disposición la misma sería anticonstitucional ya que no siendo los fiscales *jueces* ni *magistrados* bajo el artículo 40 de la Ley Orgánica, no podía ser delegada en ellos una función estrictamente judicial como era la de fijar fianzas; y (2) que dicha fianza era excesiva.

En el acto de la vista, luego de testificar el peticionario, el Fiscal de este Tribunal, con buen juicio, expresó su criterio de que la fianza era excesiva, y se allanó a que fuera rebajada. Como la petición planteaba otras cuestiones que era necesario considerar con mayor amplitud, luego de oír a las partes, señalamos al peticionario una fianza de $3,000 para que permaneciera en libertad hasta la resolución del caso en su fondo.

El peticionario, en su alegato, al igual que lo hizo en la vista del recurso, concede que los fiscales son funcionarios cuasi judiciales en quienes pueden delegarse también funciones cuasi judiciales, como las de expedir órdenes de arresto y determinar si hay causa probable para ello. Sostiene, sin embargo, que la función de fijar fianzas es exclusivamente de naturaleza judicial por lo cual la misma no puede ser delegada en un fiscal. Predica su contención fundamentalmente en que el artículo 40 de la Ley Orgánica, de 2 de marzo de 1917—48 U.S.C.A. sec. 861—determina que el poder judicial residirá en las Cortes y Tribunales de Puerto Rico ya establecidos y en ejercicio y de acuerdo y por virtud de las leyes vigentes, y que no siendo el fiscal un juez o tribunal en el concepto expresado en el indicado artículo, cualquier disposición de ley que concediera a los fis-

cales tal facultad, de existir, sería inconstitucional por conceder a funcionarios fuera de la rama judicial, poderes estrictamente judiciales.

El artículo 12 de nuestro Código de Enjuiciamiento Criminal establece que se entiende por *magistrado* un funcionario con autoridad para dictar orden de arresto contra una persona acusada de delito; y el artículo 13 del propio cuerpo legal, provee que son magistrados—además de los jueces— *los promotores fiscales.* El artículo 97 de dicho Código dispone que el fiscal tendrá facultad para expedir órdenes de arresto, siempre que se llame su atención hacia hechos que constituyan transgresiones de la ley. El artículo 98 le faculta para examinar bajo juramento a los testigos con respecto al delito de que se trate y, de determinar que hay causa suficiente para ello, presentar la acusación correspondiente; el 99 le faculta, de no haber causa, a presentar al Secretario del tribunal las diligencias preliminares con su endoso recomendando la libertad del acusado. El artículo 100 le faculta para que si de tal examen de los testigos resulta que se ha cometido un delito, y hay causa suficiente para creer que el acusado es culpable del mismo, ordene su arresto expidiendo un mandamiento a ese fin. Por otro lado, el artículo 44(a) del propio Código establece que en toda orden de arresto *se fijará la cuantía de la fianza,* la cual podrá hacerse efectiva y admitirse por cualquier juez, fiscal o secretario de corte.

De las anteriores disposiciones de ley resulta evidente que el fiscal, considerado como magistrado y con autoridad para expedir órdenes de arresto, está facultado para fijar la cuantía de la fianza que deba exigirse para la libertad del acusado hasta la celebración del juicio. En consecuencia, la única cuestión a considerar aquí es si tal facultad es de naturaleza estrictamente judicial, que haga su delegación en el fiscal una contraria a las disposiciones de la Ley Orgánica y por ende, como sostiene el peticionario, inconstitucional.

■■ .Como antes indicamos, el peticionario concede que la facultad para expedir órdenes de arresto y determinar si hay causa probable son funciones cuasi judiciales, que están propiamente delegadas en el fiscal por ser éste un funcionario cuasi judicial.

La facultad para determinar si una persona tiene derecho a ser puesta en libertad bajo fianza hasta que se le celebre el juicio correspondiente bajo estatutos que reglamentan el derecho a que se conceda fianza (*grant bail*) es sin duda una de naturaleza judicial. Pero ésa no es la cuestión envuelta en el presente recurso, toda vez que en Puerto Rico la ley establece un derecho en favor de una persona acusada de delito para permanecer en libertad provisional, antes de convicción, sin que tenga que hacerse una determinación judicial de si concurren en el caso las circunstancias que le hagan acreedora a tal derecho, como ocurría antes de ser abolida la pena capital, en delitos que aparejaban esa pena. La ley, hoy día, no da discreción alguna a ese respecto.

■ Generalmente la facultad de *fijar* fianza se ha considerado como una de naturaleza judicial, pero también se ha considerado como una de naturaleza cuasi judicial, incidental a la facultad para expedir una orden de arresto. Véanse *Berkowitz* v. *United States*, 90 F.2d 881 (1937) y *Sauskelonis* v. *Herting*, 94 Atl. 368 (Conn., 1915). Siendo ello así y teniendo los fiscales en Puerto Rico facultad no sólo para determinar si hay causa probable si que también para expedir órdenes de arresto, la facultad a ellos conferida para fijar fianza, participando también de una naturaleza cuasi judicial, está bien delegada en ellos, como funcionarios cuasi judiciales. Y no siendo, en consecuencia, tal función una estrictamente judicial, la misma no es una que necesaria e indispensablemente haya sido otorgada a los jueces y tribunales por el artículo 40 de la Ley Orgánica, con exclusión de otros funcionarios, ya que dicha disposición de ley tan sólo contempla aquellas funciones de estricta naturaleza judicial que no pueden ser delegadas en otros funcionarios

fuera de los que ejercitan el poder judicial bajo dicho artículo 40. *Cf. State* v. *Andrae*, 116 S.W. 561, 563, 216 Mo. 617.

El caso de *Ocampo* v. *United States*, 234 U.S. 91, 58 L. ed. 1231 (1914), invocado por el peticionario en apoyo de su contención de que la función de fijar fianza no puede ser delegada en los fiscales, no sostiene dicha tesis. En dicho caso el Tribunal Supremo de Estados Unidos resolvió que no violaba el artículo 5 de la Ley Orgánica de Filipinas una ley que delegaba a los fiscales el poder de expedir órdenes de arresto y determinar si había causa probable, por ser dichas funciones cuasi judiciales, pudiendo ser las mismas delegadas en un funcionario cuasi judicial, como lo era el fiscal. En dicho caso no estaba envuelta la cuestión aquí planteada en cuanto al poder para fijar fianzas, toda vez que la Ley de Filipinas no concedía a los fiscales dicha facultad.

No podemos, pues, convenir con el peticionario en que las disposiciones de nuestro Código de Enjuiciamiento Criminal, en vigor hace cerca de 48 años, en cuanto facultan al fiscal a fijar fianza, sean inconstitucionales. En lo que sí convenimos—al igual que el Fiscal de este Tribunal—es que la fianza originalmente fijada al peticionario por el fiscal de distrito es excesiva. Procede que sea rebajada. Consideramos que bajo las circunstancias de este caso una fianza de $3,000 es razonable.

*La petición de hábeas corpus será declarada con lugar por el fundamento de que la fianza fijada al peticionario originalmente para permanecer en libertad provisional hasta la celebración del juicio es excesiva, la cual se rebaja a la suma de $3,000, debiendo cancelarse la fianza fijádale por este Tribunal el día de la vista del recurso para permanecer en libertad hasta la resolución final de este caso, y recluirse al peticionario en la Cárcel de Distrito de San Juan hasta que la nueva fianza sea prestada.*