**PEERLESS CASUALTY COMPANY,**
surety for Delores Nelson,
Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 18217.

United States Court of Appeals
District of Columbia Circuit.

Argued March 16, 1964.

Decided May 15, 1964.

Mr. Laidler B. Mackall, Washington, D. C., for appellant.

Mr. William H. Willcox, Asst. U. S. Atty., with whom Mr. David C. Acheson, U. S. Atty., and Mr. Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee. Mr. Victor W. Caputy, Asst. U. S. Atty., also entered an appearance for appellee.

Before PRETTYMAN, Senior Circuit Judge, and FAHY and WASHINGTON, Circuit Judges.

PRETTYMAN, Senior Circuit Judge.

In a criminal case in the United States District Court the appellant Peerless Casualty Company executed a bail bond to secure the appearance of the defendant in court. The bond was in the form contained in the Appendix of Forms (Form 17) to the Federal Rules of Criminal Procedure. The defendant failed to appear. The United States, pursuant to Rule 46(f) (1) of the Criminal Rules and to the terms of the bond, on December 3, 1954, moved the District Court to declare a forfeiture of the recognizance. The court declared the forfeiture. On July 5, 1963, the United States, pursuant to Rule 46(f) (3), by motion in the criminal case prayed the court to enter judgment of default in the amount of the bond. The Company maintained that the motion was barred by the statute of limitations provided in Section 2462, Title 28, United States Code. The District Court granted the motion and ordered that a judgment of default be entered in favor of the United States against the Company. The Company appeals.

Section 2462, Title 28, United States Code, reads as follows:

"Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of

any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon."

Rule 46(f) of the Criminal Rules provides in part:

"(f) *Forfeiture.*

"(1) *Declaration.* If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail.

\*   \*   \*   \*   \*   \*

"(3) *Enforcement.* When a forfeiture has not been set aside, the court shall on motion enter a judgment of default and execution may issue thereon. By entering into a bond the obligors submit to the jurisdiction of the district court and irrevocably appoint the clerk of the court as their agent upon whom any papers affecting their liability may be served. Their liability may be enforced on motion without the necessity of an independent action. \* \* \*."

Appellant contends that the mode of enforcement of a bail bond is prescribed in the above-quoted Rule 46(f), relating to a "Forfeiture" and that the above-quoted Section 2462 of Title 28 prescribes a limitation of five years upon any proceeding for the enforcement of any "forfeiture". It argues that therefore a proceeding on motion under Rule 46(f)(3) must be commenced within five years of the date when the forfeiture was declared.

The Government says that the present Section 2462 was based upon a former section (Section 791) of Title 28, which, ever since it was enacted in 1839, has been consistently held not to apply to surety bonds; and that in 1948, when Congress enacted Section 2462, it made only "[c]hanges \* \* \* in phraseology." Therefore, the Government says, the limitation of five years prescribed in Section 2462 does not apply to a proceeding for the enforcement of a bail bond under Rule 46(f).

■ It is a rule long established that in a general revision by codification the revised sections will be presumed to bear the same meaning as did the original sections, unless an intent to change the meaning is clearly and indubitably manifested.[1] Section 2462 came into the statute in the general recodification of Title 28, enacted by the Congress in 1948. The Reviser's Note appended to the section in the House Report (No. 308) and in the 1958 Edition of the United States Code says only, "Changes were made in phraseology."

■ In response appellant says that reference to the prior statute involves a reference to "legislative history" and that where the words of a statute are unambiguous references to legislative history are not permitted. It says that the same word, "forfeiture", appears in the statute and in Rule 46(f) and that its meaning is the same in both places. But the rule stated in the *Fourco Glass* case [2] is not a use of legislative history but is a rule of construction applicable to a statute as it appears successively in the Code. That rule applies even if no reference be made to the Reviser's Notes. Moreover it appears that the word "forfeiture" does not always have the same meaning. References to the cases show that the word is to be construed in the light of its context.[3]

1. Fourco Glass Co. v. Transmirra Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957); Ruth v. Eagle-Picher Company, 225 F.2d 572, 575 (10th Cir. 1955).

2. Fourco Glass Co. v. Transmirra Corp., 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957).

3. See, *e. g.*, Maryland v. Baltimore & Ohio R. R. Co., 44 U.S. (3 How.) 534, 552, 11 L.Ed. 714 (1845); In re Caponigri, 193 F. 291, 292 (S.D.N.Y.1912).

Furthermore Section 2462 refers to "the offender", which seems to indicate that the section has reference to something imposed in a punitive way for an infraction of a public law. This would conform to the meaning given the word "forfeiture" in many cases [4] and was the meaning the Supreme Court gave it as it appeared in the predecessor statute.[5] On the other hand and to the contrary, the forfeiture of bail referred to in Rule 46(f) is a proceeding upon the breach of a condition of a contract, the bond.

From the foregoing it follows that the District Court correctly ruled that Section 2462 is not applicable to this case, and its judgment is therefore

Affirmed.[6]

WASHINGTON, Circuit Judge.

I concur in the court's opinion. I would add only that although Rule 46 does use the word "forfeiture" in characterizing a bail bond recovery proceeding, such a proceeding has long been recognized not to be a suit upon a "penalty" but upon a "promise to pay a penalty." See, e. g., United States v. Luther, 13 F.Supp. 126 (E.D.N.Y.1935), and cases cited; cf. United States v. Springer & Lotz, 69 F.2d 819 (2d Cir. 1934); Dudley v. United States, 242 F.2d 656, 658 (5th Cir. 1957). And see also Meeker v. Lehigh Valley R.R. Co., cited by the court in footnote 5.

4. Maryland v. Baltimore & Ohio R.R. Co., 44 U.S. (3 How.) 534, 552, 11 L.Ed. 714 (1845); United States v. Reisinger, 128 U.S. 398, 402, 9 S.Ct. 99, 32 L.Ed. 480 (1888); McCulloch v. Murphy, 125 F. 147, 150 (C.C.Nev.1903); In re Escheat of Monies Deposited in U. S. Dist. Ct., 187 F.2d 131, 132 n. 1 (3d Cir. 1951). See also 23 AM.JUR. *Forfeitures & Penalties* § 2 p. 599; 37 C.J.S. *Forfeitures* § 1, p. 4; BOUVIER, LAW DICTIONARY (RAWLE's 3D REV.) 1280; 4 OXFORD ENGLISH DICTIONARY 499.

5. Meeker v. Lehigh Valley R. R. Co., 236 U.S. 412, 423, 35 S.Ct. 328, 59 L.Ed. 644 (1915).

6. As it is not contended that there is any other bar to recovery by the United States, we express no opinion as to the correctness of the District Court's ruling that the twelve-year statute of limitations applicable to obligations under seal applies in this case.